STATE OF MISSOURI at the relation of JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a Corporation, Relator, v. WILLIAM C. HUGHES, EDWARD J. McCULLEN and LYON ANDERSON.—155 S. W. (2d) 250.

Division One, October 30, 1941.

*Leahy, Walther & Hecker* and *John S. Leahy, Jr.,* for relator.

*Julius L. Block, Cecil Block* and *John P. Griffin* for respondents.

GANTT, P. J.—Certiorari to quash the opinion of a court of appeals in Poignee v. John Hancock Mutual Life Ins. Co., 147 S. W. (2d) 677. The action is on a policy issued by defendant. The answer alleged that the insured, at the time of the issuance of the policy, was a diabetic and for that reason the contract of insurance is void under the sound health clause of the policy. The verdict was for the plaintiff. Judgment was accordingly entered and defendant appealed. The court of appeals affirmed the judgment. The facts for consideration are stated by relator (defendant) as follows:

"The uncontroverted evidence showed that defendant's policy of life insurance was issued on the life of George Poignee on July 14, 1937, and that plaintiff below, Emma Poignee, was named therein as beneficiary; that the insured died on June 20, 1938, and that the cause of death was diabetes mellitus. Plaintiff below furnished proofs of death as required under the terms of the policy here in controversy, and agreed therein that the physician's certificate submitted together with the proof of death, would be considered as part of the proof of death. Such a certificate was submitted by plaintiff below at the time that her signed proof of death was submitted. This physician's certificate was signed by Dr. L. M. Aronberg, who was a witness at the time of the trial, and the duration of the illness was given therein as four years. The St. Louis Court of Appeals, in its opinion herein, has held that this admission is not conclusive against plaintiff, and that, despite such admission, plaintiff was entitled to have her cause submitted to a jury."

In other words, relator contends in this court that the duration of illness fixed at four years by Dr. Aronberg, in the certificate attached to the proof of death, is conclusive against plaintiff on the issue of sound health, and for that reason the ruling of the court of appeals on the question conflicts with the rule announced in Kirk v. Met. Life Ins. Co., 336 Mo. 765, 776, 81 S. W. (2d) 333, which follows:

"Proofs of death furnished by a beneficiary are admissible against such beneficiary to show the truth of the statements contained therein in an action brought by him on the policy, and when not contradicted or explained may preclude recovery. [Burgess v. Pan-American Life Ins. Co. (Mo.), 230 S. W. 315, and cases cited.] Such statements are prima facie only, and are not to be treated as conclusive when other facts are brought forward to explain or contradict them so as to relieve against the effect of such admission. But when not so explained, or contradicted, the statements against interest, if sufficient to defeat recovery under the law, are treated as true and given effect accordingly. [Citing cases.]"

At the trial plaintiff introduced the policy in evidence and closed in chief on defendant admitting the death of the insured in the St. Louis County hospital on July 20, 1938. Thereupon defendant

introduced in evidence the proof of death and the certificate of Dr. Aronberg as attending physician at the time of the insured's ▮ death. In the certificate the cause of death is stated as "diabetes mellitus—duration,: four years." The certificate also contained questions and answers as follows: "Q. Date of your first visit or prescription in the last illness? A. 6-19-38. Q. Date of your last visit? A. 6-20-38. Q. Have you prior to the last illness attended or prescribed for the deceased? If so gives dates and particulars. A. Has attended clinic and been treated since 1934 by various physicians on the house staff."

As a witness for the defendant, Dr. Aronberg testified that he became connected with the hospital in July, 1937, and that he did not treat the insured prior to June 18, 1938. It follows that the doctor had no personal knowledge of the physical condition of the insured prior to that date. If so, the statements in the certificate that the insured was ill for four years and under treatment at the hospital since 1934 must have been made by the doctor from the records of hospital. Thus it appears that defendant's witness, Dr. Aronberg, who made the certificate, explained and contradicted the same by his testimony in the case. The claim of conflict is without foundation.

▮ In the brief relator argues the merits of the case. On questions of conflict we are without authority to consider the merits. The writ should be quashed. It is so ordered. All concur.