## THE BOISE CITY CANAL CO., Respondents, *v.* EBEN AND JOSEPH PINKHAM, Appellants.

CORPORATION—CONDITION PRECEDENT.—If section 1 of an act of the legislature declare certain persons therein named to be a corporation, and in a subsequent section require such corporation, within a certain time thereafter, to give a bond, the giving of such bond is not a condition precedent to the investment of the persons so named with corporate rights and power.

CORPORATIONS, ORGANIZATION OF—QUESTIONING REGULARITY OF.—Individuals can not, in collateral suits, avail themselves of any defects in the organization of a corporation. This may be done only by the power creating them in a direct proceeding instituted for that purpose.

APPEAL from the second judicial district, Ada county.

*Huston & Gray*, for the appellants.

*Brumback & Cahalan*, for the respondent.

MORGAN, C. J., delivered the opinion. PRICKETT and BUCK, JJ., concurred.

This was an action brought by the Boise city canal company against E. and J. Pinkham, to recover the value of water furnished by complainant to defendants, during the years 1876, 1877, and 1878.

There is no question raised as to the use of the water by the defendants, that it was furnished by complainants, that its value was the sum of two hundred dollars. All these facts are admitted. The final error assigned by counsel is that the court erred in holding that the act of January 12, 1866, page 241, 3 Session Laws of Idaho, was valid, and that said act invested the plaintiff with any corporate rights.

The second error assigned is that the court erred in holding that the filing of the bond required by section 10 of said act was not a condition precedent to the investment of the plaintiff with any corporate rights or power. Plaintiff is declared to be a corporation by the first section of the act referred to. There are no conditions precedent, and having been so declared, it can not be shown in defense to a suit by such corporation that it has forfeited its rights by no misuser or non-user. Individuals can not avail themselves of any defect in organization of a corporation in collateral suits. This must be taken advantage of by the power creating them. (Angell & Ames on Corporations, sec. 636, 10th ed., and numerous cases there cited.) Even a condition precedent can only be inquired into by the sovereign power. (Id., sec. 80, and cases cited.) This corporation having been declared such by act of the legislature, it is sufficient for all purposes within its charter. (Id. sec. 83.)

The objection made by counsel that because the legislature assumed control over the streets of Boise city, which control was by a former act granted to said city, the act itself is void, is not tenable. The legislature has power to vacate streets, or direct the laying out of new ones, and it must be held to have the power to permit the use of them for certain purposes, as canals, ditches, railways, etc. The said incorporation act being valid, and giving such corpo-

ration power and authority to construct such ditch or canal, furnish water, etc., it follows as a natural sequence that the corporation can recover pay for the water so furnished.

The said corporation being declared to be in existence by virtue of the act of January 12, 1866, the admission of the testimony as to the organization under the general incorporation laws of the territory was of no advantage to complainants, and worked no injury to defendants, and therefore can not be held to be error.

The foregoing conclusions having been arrived at by the court, it is deemed unnecessary to consider other objections raised by appellant.

The judgment of the court below is affirmed.