[No. 4978.  Decided February 21, 1905.]

# J. W. RIDGWAY et al., Respondents, v. J. R. DAVENPORT et al., Appellants.[1]

INTEREST—USURY—DEDUCTIONS FOR COMMISSION—PRINCIPAL AND AGENT.  Under Bal. Code, §§ 3669, 3671, prohibiting interest in excess of twelve per cent, either directly or indirectly, and providing that the principal shall be held for the acts of any person contracting therefor, a note is usurious where brokers loaned the money of the principal and deducted a sum by way of commissions in excess of the legal interest; and the fact that the principal did not authorize such acts or derive any benefit from the commissions is immaterial.

Appeal from a judgment of the superior court for King county, Rudkin, J., entered November 11, 1903, in favor of the plaintiffs, after a trial before the court without a jury, decreeing the satisfaction and cancellation of a chattel mortgage.  Affirmed.

*Roberts* and *Leehey*, for appellants.

*T. D. Page (Jerold Landon Finch,* of counsel), for respondents.

DUNBAR, J.—Davenport & Hall are engaged in the real estate, money loaning, insurance, and brokerage business in the city of Seattle.  Lee Davenport is a member of this firm.  J. R. Davenport is a resident of Butte, Montana, and a brother of Lee Davenport.  Davenport & Hall loaned money for J. R. Davenport, under general power of attorney, keeping his money in a bank in Seattle in their name.  The respondent Ridgway, desiring to borrow $150 on chattel security, went to Davenport & Hall, who finally agreed to give him $125 on the security.  They added to this $125, $3.75 for interest, and made the note for

[1] Reported in 79 Pac. 606.

$147.50 in favor of J. R. Davenport, retaining $18.55 over and above the added interest of $3.75. Of this amount, fifty cents was paid for acknowledgment and twenty-five cents for filing the mortgage. One Brownie either introduced or referred—it is not certain which—the respondent to the firm of Davenport & Hall, and it is claimed that he received $7.50 out of the said $18.55. Ridgway afterwards paid on the loan $131, and deposited in court the additional amount necessary to pay the note and the accrued interest at twelve per cent. The twelve per cent interest was expressed in the note, however, on the $147.50, the face of the note. He then pleaded usury, and refused to pay the balance claimed. The court held the loan usurious as to Davenport. Ridgway testifies positively that there was no talk of commission in the case when he borrowed the money. There is testimony on the other side that the $18 and odd cents was reserved as commission by the brokers, and that J. R. Davenport got no benefit of that.

It becomes necessary, in passing upon this question, to refer to the statute which governs the case. Section 3669, Bal. Code, (re-enacted in Laws 1899, p. 128) is as follows:

"Any rate of interest not exceeding twelve per centum per annum agreed to in writing by the parties to the contract shall be legal, and no person shall directly or indirectly take or receive in money, goods, or thing in action or in any other way any greater interest, sum or value for the loan or forbearance of any money, goods or thing in action than twelve per centum per annum."

"§ 3671. If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for

the principal less, twice the amount of interest paid, and less the amount of all accrued and unpaid interest; and the acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is illegal interest contracted for by the transaction of any agent, the principal shall be held thereby to the same extent as though he had acted in person. And where the same person acts as agent for the borrower and lender, he shall be deemed the agent of the lender for the purposes of this chapter."

It is contended by the appellants that Lee Davenport was not the agent of J. R. Davenport, and that, if it be admitted that he was the agent of the lender, the lender cannot be bound by some wrongful act of his agent not within the scope of his authority, and which he did not authorize; and many cases are cited sustaining this proposition. But the citation of cases under the ordinary usury statute does not assist the court in construing the statute in this case, and we have been unable to find any other statute which is as sweeping in its terms, and as determined to prevent the usury law from being rendered ineffective by schemes and devices which money lenders frequently resort to. In fact, the statute is so plain that it seems that it is not susceptible of construction. The contention that the lender is not bound by the wrongful act of his agent not within the scope of his authority is right in the face of the statute, which provides that, in all cases where there is illegal interest contracted for by the transaction of any agent, the principal shall be held thereby to the same extent as though he had acted in person. The statute provides, in so many words, that no person shall directly or indirectly take or receive any money, goods, or thing in action, or in any other way, any greater interest, sum or value for the loan or the forbearance of any money, goods or thing in action, than twelve per cent per annum. In this case it is evident that there was taken and received in money a greater interest

than twelve per cent, the sum received amounting to about six per cent per month on the money advanced to the respondent. The indirect taking, then, in this case cannot be disputed, and, under the further provision of the statute that the principal shall be held to the same extent as though he had acted in person, there is no escape from the conclusion that the contract was usurious as to the appellant J. R. Davenport.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.