[No. 11313.  Department Two.  January 10, 1914.]

JAMES TESTERA et al., Appellants, v. B. RICHARDSON et al., Respondents.[1]

USURY—WHAT CONSTITUTES. The payment of a fee of five dollars, to an agent negotiating a loan to take up a prior note and chattel mortgage, does not make the loan usurious, under Rem. & Bal. Code, § 6251, where the fee was paid for the agent's services in making an examination of the property and county records, preparing and securing acknowledgment of the new mortgage and filing a release of the prior mortgage, and the court found that the fee was a reasonable charge for the services and not a commission for making the loan.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 8, 1913, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a chattel mortgage. Affirmed.

*Herbert E. Snook*, for appellants.

*W. W. Felger*, for respondents.

[1]Reported in 137 Pac. 998.

MOUNT, J.—The respondent B. Richardson was proceeding by notice and sale to foreclose a chattel mortgage to satisfy a note executed by the appellants.

The appellants thereupon transferred the proceedings to the superior court for the purpose of contesting the amount claimed to be due upon the note on the ground of usury. The trial court concluded that the note was not usurious, and entered a decree of foreclosure. This appeal is prosecuted from that decree.

The appellants maintain that the note was usurious. This is the only question presented. It appears that the appellants in October, 1910, borrowed the sum of $65 from the respondent B. Richardson. The respondent was acting through her agent, J. W. Richardson. In applying for the loan, the appellants offered as security a chattel mortgage upon a piano. Before accepting the security, J. W. Richardson desired to see the piano and to make an examination and appraisement thereof; and also desired that the county records should be examined as to the title to the piano. It was also necessary to prepare a mortgage and have the same acknowledged. It was also necessary to obtain a release from a prior mortgage upon the piano. J. W. Richardson agreed to perform these services for $5, which the appellants agreed to and did pay. The note for $65, for which the security was given, bore interest at the rate of 12 per cent per annum.

It is argued by the appellants that because this $5 was paid to J. W. Richardson, the note was thereby made usurious under the statute, Rem. & Bal. Code, § 6251 (P. C. 263 § 3). The appellants rely upon the case of *Ridgway v. Davenport*, 37 Wash. 134, 79 Pac. 606. In that case the statute is quoted in full. We there held that, where a broker loans money of the principal and deducts a sum by way of commissions in excess of the legal interest, that the note is thereby made usurious under the statute. But in this case there was no deduction for commissions for making the loan. The $5 paid by the appellants to J. W. Richardson was paid

for his services in examining the piano, in examining the county records, in preparing the note and mortgage, and for the notary's fee for taking the acknowledgment of the same, and for filing a release of a prior mortgage. In order to accomplish these results, it was necessary to expend some time and money in traveling from place to place. The trial court found that these services were rendered to the appellants at their request; that the fee charged therefor was reasonable and not a commission for making the loan; and for that reason held that the payment thereof did not make the note usurious. We are satisfied that this ruling was correct, and that the case of *Ridgway v. Davenport, supra,* does not control in this case.

If the money paid by the appellants to J. W. Richardson could be held to be unreasonable or in the nature of a commission for making the loan, the case of *Ridgway v. Davenport, supra,* would control. But we are satisfied, and the court found, that the services performed were performed for the appellants and were reasonably worth the amount which the appellants agreed to and did pay, and the money paid was not for a commission.

The judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.