(August 2, 1922.)

## O. C. JORGENSON, Respondent, v. LUELLA STIRLING, Appellant.

[209 Pac. 271.]

MORTGAGE FORECLOSURE—USURY—CORRECT JUDGMENT UPON ERRONEOUS THEORY OF THE LAW—AGENCY UNDER SEC. 6255, REMINGTON & BALLINGER'S CODE OF WASHINGTON.

1. Under Remington & Ballinger's Code of Washington, sec. 6255, a principal is responsible for the acts of his agent in making a usurious contract. The agency referred to in the statute is one which has to do with the making of the contract.

2. The employment of an attorney to pass upon an abstract and an escrow agreement before a loan will be made does not render such attorney the agent of the lender within the purview of the Washington statute.

3. Where the trial court enters a correct judgment upon an incorrect theory of the law applicable to the case, the judgment will be affirmed, but upon a correct theory of the law, provided no injustice will thereby result.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

J. B. Hogan, W. B. Mitchell and Geo. D. Ayers, for Appellant, cite no authorities on points decided.

Potts & Wernette, for Respondent.

The rule that when an agent commits a wrong in the transaction of the business of his principal the principal is liable for the injury produced cannot apply where the agent when committing the wrong is bargaining on his own account, for his own private advantage exclusively, and this is known to the person with whom he is bargaining. (*Estevez v. Purdy,* 66 N. Y. 446; *Bank of United States v. Waggener,* 9 Pet. (U. S.) 378, 9 L. ed. 163; *Condit v. Baldwin,* 21 N. Y. 219, 78 Am. Dec. 137; *Franzen v. Hammond,* 136 Wis. 239, 128 Am. St. 1079, 116 N. W. 169, 19 L. R. A., N. S., 399; *Bovee v. Butters,* 92 Minn. 149, 99 N. W. 641; *Bingham v. Myers,* 51 Iowa, 397, 33 Am. Rep. 140, 1 N. W. 613; *Goodwin v. Bishop,* 145 Ill. 421, 34 N. E. 47; *Hutchinson v. Hosmer,* 2 Conn. 341.)

"Where the lower court decides the case correctly, but upon an erroneous theory of the law, the supreme court will affirm the holding, but base its decision on the correct theory." (*Sheafer v. Mitchell,* 109 Tenn. 181, 71 S. W. 86; *Guaranty Realty Co. v. Recreation Gun Club,* 12 Cal. App. 383, 107

Pac. 625; 4 C. J. 663; *Gagnon v. St. Maries Light etc. Co., Ltd.,* 26 Ida. 87, 141 Pac. 88.)

RICE, C. J.—This is an appeal from a decree of foreclosure of a mortgage upon certain real estate situated in Kootenai county. The defenses interposed were that usury was exacted upon the debt which the mortgage was given to secure and that respondent was estopped from declaring the whole amount due under an option contained in the note. and mortgage, and that therefore the action was brought prematurely.

On December 17, 1918, W. B. Mitchell executed his note to respondent for $6,270, together with a mortgage to secure the same on the property above mentioned. The note provided for interest at the rate of ten per cent per annum. On the same day he executed to Severin Iverson, an attorney at Spokane, a note for $2,000 and a second mortgage upon the same land. Thereafter, W. B. Mitchell by quitclaim deed conveyed the property to appellant herein.

It is claimed by appellant that the $2,000 note and mortgage were exacted as a bonus for the loan; that the contract between Mitchell and respondent was a Washington contract and under the law of that state the bonus rendered the contract usurious. On behalf of respondent it is claimed that Severin Iverson was the agent of Mitchell in securing the loan; that respondent was wholly ignorant of the exaction or execution of the $2,000 note and mortgage and that he had no interest therein. Respondent also denied the facts by reason of which it was claimed that he was estopped from declaring the whole amount due.

The court found that about the month of December, 1918, Mitchell requested Severin Iverson to secure a loan for him of about $6,200 and that Iverson acting for Mitchell brought the respondent and Mitchell together; that respondent employed Iverson to prepare and examine the papers, including the abstract and escrow agreement, relative to the loan afterward made by respondent to Mitchell, and that Mitchell

agreed to pay the expenses thereof; that the mortgage in controversy was drafted and prepared by Mitchell; that in order to secure a loan of $6,270 for said Mitchell, Iverson required him to execute a second and subsequent mortgage on the land in favor of Iverson for $2,000, securing payment of a note for said amount, payable to Iverson and due on or before two years after the date thereof, which date was December 17, 1918; that this also included the sum of $12 loaned by Iverson to Mitchell, and also included a claim by said Iverson for legal services claimed to have been performed under an agreement therefor, but that Mitchell was not indebted to Iverson for legal services and there was no agreement therefor and that the evidence was wholly insufficient to show the value of any legal services performed by Iverson for Mitchell; that respondent did not know of the execution of the note and mortgage by Mitchell to Iverson until some time in the month of June, 1919; that he did not authorize the same, or consent to the same being executed, and that the said note and mortgage of the defendant Iverson was made wholly without the knowledge, consent or acquiescence of respondent.

The court further found that sec. 6251, Remington & Ballinger's Code of Washington, is as follows: "No person shall directly or indirectly take or receive in money, goods or thing in action, or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or thing in action than twelve (12) per centum per annum."

And that sec. 6255 of the same code is as follows: "If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have

been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is illegal interest contracted for by the transaction of any agent the principal shall be held thereby to the same extent as though he had acted in person. And where the same person acts as agent of the borrower and lender, he shall be deemed the agent of the lender for the purposes of this chapter."

The court found that under the Washington law the contract was usurious. Among the conclusions of law the court found that the Washington law, declaring such a contract as the mortgage of respondent usurious, provides a penalty therefor, but that such penalty will not be enforced in the courts of this state and that by reason thereof the same is not a defense in the courts of this state. In our opinion the contract was not usurious.

We think the agency referred to in the Washington statute is one that has to do with the bringing about of the loan. Such an agency on the part of Iverson is negatived by the findings of the court. In effect, the court found that Iverson was the agent of Mitchell in securing the loan; also that he exacted from Mitchell the $2,000 mortgage for his services in securing the loan, and to cover certain claims for money loaned and legal services rendered. The only agency of Iverson with relation to Jorgenson grew out of his employment to pass upon the abstract and the terms of the escrow agreement pursuant to which the money was delivered to Mitchell. It is not believed that such a limited agency is within the purview of the Washington statute defining usury.

We find nothing in the cases of *Ridgway v. Davenport*, 37 Wash. 134, Ann. Cas. 1916C, p. 332, note, 79 Pac. 606; *Lee v. Hillman*, 74 Wash. 408, Ann. Cas. 1915A, 759, 133 Pac. 583, *Testera v. Richardson*, 77 Wash. 377, 137 Pac. 998, *Washington Fire Ins. Co. v. Maple Valley Lumber Co.*, 77

Wash. 686, 138 Pac. 553, *H. A. & L. D. Holland Co. v. Aitken*, 98 Wash. 107, 167 Pac. 109, and *Robinson, Thieme & Morris v. Whittier*, 112 Wash. 6, 191 Pac. 763, inconsistent with this view of the Washington law.

Appellant lays great stress upon the fact that the mortgage contains the following provisions: "It is further mutually agreed that the party of the first part may at his option cut and remove any or all of the tie timber now upon the above described land during the period of this mortgage, providing he shall make reports of the ties removed and inspected to the party of the second part or his attorney in fact Severin Iverson (as soon as same are inspected) and arrange with the purchaser of said ties to pay the party of the second part not less than $2.50 per thousand feet board measure, of the net proceeds received from the ties as the same are paid. . . . . The payment of the money above mentioned can be made to party of the second part or his attorney in fact Severin Iverson of Spokane, Washington."

Appellant contends that by reason of the fact that Iverson was designated as attorney in fact in the mortgage, respondent cannot be heard to deny that Iverson was his agent or attorney in fact in making the loan. In addition to the findings outlined above, the court found that Iverson was not the attorney in fact for respondent Jorgenson, but that the clause inserted in the mortgage to the effect that Iverson was the attorney in fact for Jorgenson was inserted by Mitchell because at the time Jorgenson intended to go to California, but he did not go, and Mitchell well knew that he did not go; that the mortgage was recorded by Mitchell himself, and respondent did not discover the statement in the mortgage that Iverson was his attorney in fact until about the month of June, 1919.

If it be conceded that respondent cannot dispute any of the terms of the mortgage, by reason of his seeking to foreclose the same without asking for a reformation thereof, there is nothing in the mortgage, or the circumstances as

disclosed by the record, to indicate that Iverson was respondent's attorney in fact in making the loan. So far as the statement in the mortgage is concerned, Iverson became respondent's attorney in fact only for the purpose of receiving reports of the timber cut and removed from the land, and the payments therefor, and for no other purpose.

It is true that the court found that the contract was usurious under the Washington statute. This finding is included in the findings of fact, but is a conclusion of law and in no respect binding upon this court. Neither is the court's conclusion of law that the Washington statute defining usury provides a penalty which will not be enforced in the state of Idaho binding upon this court. The principal purpose of appellate courts is to review the conclusions of law of the trial court and correct such as are deemed to be erroneous, and where the final judgment of the trial court is correct, when entered upon an erroneous theory of law, the judgment will be affirmed by the appellate court upon what it conceives to be the correct theory of the law. (*Gagnon v. St. Maries Light etc. Co.*, 26 Ida. 87, 141 Pac. 88; *Feehan v. Kendrick*, 32 Ida. 220, 179 Pac. 507; *Medling v. Seawell*, 35 Ida. 333, 207 Pac. 137; 4 C. J. 663.)

Having reached the conclusion stated above, it becomes unnecessary to consider the question as to whether the Washington statute provides for a penalty such as will not be enforced by the courts of a sister state, or the further question as to whether the appellant in this case is entitled to defend against foreclosure on the ground that the contract was usurious.

The court found that $15 was paid by Mitchell to compensate for the loss of interest by Jorgenson on account of withdrawing his money from a bank before the time specified in a certificate of deposit had expired. If it be conceded that this sum of money must be considered as a payment inducing the loan, yet that fact would not render this loan usurious, because when added to the amount of interest con-

tracted for it does not exceed the legal rate permissible under the Washington statute.

The evidence is amply sufficient to support the finding of the trial judge that respondent was not estopped from declaring the whole indebtedness due and proceeding to foreclose the mortgage.

The judgment is affirmed, with costs to respondent.

Budge, McCarthy, Dunn and Lee, JJ., concur.

Petition for rehearing denied.