[No. 22312. Department Two. May 20, 1930.]

JUPITER FINANCE CORPORATION, *Appellant*, v. EDWIN B. HESS *et al., Respondents.*[1]

*E. M. Farmer,* for appellant.

*Carkeek, McDonald & Harris,* for respondents.

MAIN, J.—This action was brought to foreclose a mortgage upon real and personal property. In the answer, the defendants affirmatively pleaded usury and sought a reduction for this reason. The trial to the court without a jury resulted in findings of fact and conclusions of law sustaining the charge of usury, and from the judgment entered the plaintiff appeals.

The facts are these: February 15, 1927, the respondents borrowed from the appellant $15,000, for which they gave their promissory note secured by a mortgage upon real and personal property. After the note and mortgage were executed, they were, by the respondents, delivered to E. M. Farmer, their representative, who in turn delivered them to the appellant. At the time they were delivered, the appellant drew its check

[1]Reported in 288 Pac. 226.

in favor of Mr. Farmer for the sum of $15,000. On the same day, Mr. Farmer drew two checks in favor of the appellant, one for the sum of $600, which was six months' interest in advance, and the other for $1,125, which the trial court found, and which the evidence shows, was paid to and received by the appellant as a commission upon the loan. The two items mentioned, when combined, and if regarded as interest, would make a rate of more than twelve per cent per annum.

Section 7300, Rem. Comp. Stat., provides that any rate of interest exceeding twelve per cent per annum shall be unlawful.

Section 7304 provides that, if a greater rate of interest than twelve per cent is contracted for, "received" or reserved, the contract shall not be void, but that a penalty as therein provided shall attach.

It is argued that, since no greater rate than twelve per cent in this case was contracted for, it cannot be said that, even though more than twelve per cent was paid, it was usurious. The statute provides that if more than twelve per cent be "received," usury exists. The question is not whether the parties actually contracted for a prohibitive rate, but is rather whether what in fact was done was forbidden by the statute. *Washington Fire Insurance Co. v. Maple Valley Lumber Co.*, 77 Wash. 686, 138 Pac. 553.

It is also said that, since the money loaned was not that of the appellant, but of other parties, and that, inasmuch as the appellant was merely a trustee or acting as agent, it was not unlawful for it to receive the commission, even though the commission, when added to the interest provided for in the note, would exceed twelve per cent. In *Ridgway v. Davenport*, 37 Wash. 134, 79 Pac. 606, it was held that interest in excess of twelve per cent, exacted either directly or in-

directly, was usurious where the brokers loaned the money of the principal and deducted a sum by way of commission in excess of legal interest, and the fact that the principal did not authorize such acts or derive any benefit therefrom was immaterial. In the present case, even though the fact be that the appellant was acting as agent for a principal, this would not relieve from the charge of usury.

Authorities from other jurisdictions are cited by the appellant, which it does not seem necessary to review because of the difference in the statutes of the various states. The case is controlled by the statutory law of this state as construed by the decisions above cited.

There is something said in appellant's brief with reference to another case which apparently was tried in the superior court immediately preceding this one, but the facts in that case are not before us and the case which we are now considering must be decided upon its own record.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.