(No. 7014.   May 12, 1942)

AMERICAN HOME BENEFIT ASSOCIATION, INC., a corporation, Appellant, v. UNITED AMERICAN BENEFIT ASSOCIATION, INC., a corporation, Respondent.

(120 Pac. (2d) 1010)

Ariel L. Crowley, for Appellant.

Charles F. Reddoch, for Respondent.

BUDGE, J.—Appellant, American Home Benefit Association, Inc., is a corporation organized and existing under the provisions of Chapter 110, p. 171, 1933 Session Laws, as amended by Chapter 114, p. 201, 1941 Session Laws, and has its home office in Boise. It became a corporation in September, 1933. Respondent, United American Benefit Association, Inc., is a corporation organized under I. C. A., Chapter 10 Title 29 (29-1001-5), which is a non-profit co-operative statute. It was created in November, 1939, more than six years after the creation of appellant corporation. Appellant in its complaint sets out two causes of action. In its first cause of action, it attacks the deceptively similiar name of respondent corporation and seeks to enjoin and restrain said corporation from the use of the name "United American Benefit Association, Inc.," under the provisions of I. C. A. seltion 29-107. In its second cause of action, appellant seeks to enjoin and restrain respondent from further doing business as a death benefit association under any name. To appellant's complaint, respondent interposed and the court sustained a general demurrer to the first cause of action upon the ground that the facts therein alleged did not constitute a cause of action. To its second cause of action, respondent interposed and the court sustained a special demurrer on the ground that appellant was without legal capacity to sue upon, or maintain, the second cause of action as set forth in said complaint.

Respondent also interposed a general demurrer to both causes of action and further demurred on the ground

"That there is a defect of parties plaintiff, in that the State of Idaho is the only proper and necessary party for the prosecution of the second cause of action set forth in said complaint. That several causes of action have been improperly united, in that, the second cause of action asserts that the defendant is improperly exercising the functions of a benefit association, which has no connection with the first cause of action asserted by it, nor any relation to the injunctive relief sought by the plaintiff." Respondent also interposed a motion to strike the second cause of action and subdivision 2 of the prayer for the reason that the same are sham, irrelevant and immaterial. The court concluded that having sustained the general demurrer to the first cause of action and the special demurrer to the second cause of action as herein indicated that there was no necessity of passing upon the other grounds of demurrer or the motion to strike. Appellant refused to plead further whereupon the court entered judgment dismissing the action, from which judgment this appeal is prosecuted.

We will discuss the two causes of action separately, directing our attention to appellant's first cause of action which presents the sole question of whether or not the complaint is vulnerable to a general demurrer in that it fails to state facts sufficient to constitute a cause of action. Keeping in mind the universal rule that a demurrer is an admission of the truth of the facts well pleaded and all intendments and inferences that may reasonably be drawn therefrom, and that the facts will be construed in the light most favorable to the plaintiff, we call attention to the allegations of the complaint.

Among other things, are alleged: The corporate existence of appellant and respondent, the respective dates of their incorporation, their corporate names, the statutes under which they were incorporated, and

"The said name 'United American Benefit Association, Inc.' is deceptively similar to the name of the plaintiff corporation 'American Home Benefit Association, Inc.,' and by reason of the said deceptive similarity of names the said defendant corporation's mail is and has been frequently delivered to the plaintiff; its policy holders have

and do now frequently mistake the plaintiff for the defendant; complaints lodged with the Department of Insurance of the State of Idaho, arising under the policies issued by the said defendant have been referred to the plaintiff upon the mistaken belief of the Commissioner of Insurance, induced by the said deceptive similarity of names, that the policies involved were issued by this plaintiff; the agents of the plaintiff have frequently been informed by prospective members of the plaintiff association that such persons were already members of plaintiff association, and have insisted upon such membership until examination of their policies has disclosed that such prospective members have, under the mistaken assumption, induced by the said deceptive similarity of names, purchased policies issued by the defendant; the general public has been misled and deceived by said deceptive similarity of names, and in numerous and divers ways and details the plaintiff has suffered inconvenience, annoyance, embarrassment and damaging invasion of its corporate right and business operations, its reputation and standing by the defendant's adoption and continued use of said deceptively similar name.

"The said corporate name was adopted without the knowledge, permission or consent of the plaintiff; and after the plaintiff became aware of such corporate existence, the plaintiff lodged with the Bureau of Insurance of the State of Idaho, a written protest against the qualification of said corporation under Chapter 110, 1933 Session Laws of Idaho, under said deceptively similar name, and made repeated demands upon the said defendant to desist from use of said name and change its name to some name not deceptively similar. Nevertheless, the said defendant has retained the said corporate name and continued the use thereof, and has thereby wrongfully and unlawfully availed itself of the good will and public esteem built up over a long period of years and publicly imputed to the American Home Benefit Association, Inc."

"This action is brought by authority of Section 29-107, I. C. A."

"The assumption and use of said deceptively similar corporate name by the defendant violated and now vio-

lates the provisions of Sections 29-1002 and 29-107 I. C. A., and invades the prior and subsisting right of the plaintiff acquired upon its organization years before the organization of the defendant; and further use of the said deceptively similar corporate name should be enjoined and forbidden by this court."

Respondent, in support of its contention that the complaint fails to state facts sufficient to constitute a cause of action urges that appellant cannot claim an exclusive right to the use of the word "American," for the reason that it is broadly geographical. This contention may be upheld provided the geographical name has not acquired a secondary meaning.

"It is urged by the defendant that the name of the plaintiff is a geographical term, and, as such, open and available to any one, * * * . Assuming, for the purposes of this opinion, that the name 'American Products Company' should be regarded as a geographical name indicating products made in American rather than a somewhat fanciful name not intended to denote the place of manufacture of such products, it is well settled that when a person has adopted, *as the name of a business,* a term originally geographical, and, by his efforts and expenditures, has developed a reputation and good will for such business and its products, so that such name has come to mean, in the minds of the general public, that particular business and its products, such name thereby acquires a 'secondary meaning,' as indicating such business, and its owner is entitled to protection, in its use, by a court of equity. [Citing cases] As was said by the court in *Standard Paint Co. v. Rubberoid Roofing Co., supra* [224 F. 695]; 'It is now well settled that descriptive words, like geographical and proper names, may acquire a secondary signification and, in that meaning, are the subject-matter of ownership to be protected against unfair competition.' " (*American Products Co. v. American Products Co.,* 42 Fed. 2d 488.) (Italics ours.)

"The correct principle is that where a corporation has, and has used, a name for such a length of time as to become identified by that name, it is a fraud upon the corporation and the public if that name be assumed by others

under such circumstances as to mislead the public into believing it is dealing with the original corporation; and where injury will result to the corporation first adopting the name on account thereof, a court of equity will enjoin the further perpetration of the wrong." (*Cent. Mut. Auto Ins. v. Cent. Mut. Ins.*, 275 Mich. 554, 267 N. W. 733.)

"If plaintiff proves that the name or word has been so exclusively identified with his goods or business as to have acquired a secondary meaning, so as to indicate his goods or business and his alone, he is entitled to relief against another's deceptive use of such terms, * * * ." (63 C. J. 394.)

In *Shaver v. Heller & Merz Co.*, 108 Fed. 821, 831, after reviewing numerous authorities, the court announced the following principles of law, which are applicable to the facts of this case:

"1. The sale of the goods of one manufacturer or vendor as those of another is unfair competition, and constitutes a fraud which a court of equity may lawfully prevent by injunction." (Citing cases)

"2. Geographical terms and words descriptive of the character, quality, or places of manufacture or of sale of articles cannot be monopolized as trademarks." (Citing cases.)

"3. But the use of such geographical or descriptive terms to palm off the goods of one manufacturer or vendor as those of another, and to carry on unfair competition, may be lawfully enjoined by a court of equity to the same extent as the use of any other term or symbols." (Citing cases.)

"4. A proprietary interest in the terms or symbols used to palm off the goods of one manufacturer or vendor as those of another, or to commit any other fraud, is not essential to the maintenance of a suit to enjoin the perpetration of the wrong; but an interest in the good will of the business or in the other property threatened is sufficient." (Citing cases.)

In *Starr v. Hotelling et al.* (Oregon), 122 Pac. 2d 432, 434, in the course of that opinion it is said:

"The controlling principle in cases wherein it is charged that a name used by one party is in conflict with

a name used by another is that, in order to justify relief such as sought in the instant case, the circumstances must be such that it appears that the business of complainant will suffer from a deceptive use of its name, or that, by reason of such deceptive use of complainant's name, the public will be imposed upon. The names may be put in evidence together with the facts as to their use, and the circumstances surrounding the choosing of them. 'A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival. Owing to the nature of the goods dealt in, or the common use of terms which are publici juris, some confusion and damage may be inevitable, but anything done which unnecessarily increases this confusion and damage to the established trader constitutes unfair competition. The unnecessary imitation or adoption of a confusing name, label, or dress of goods constitutes unfair competition. Where there is no reason for using a particular name other than to trade upon another's good will, such use of the name constitutes unfair competition and will be enjoined."

In the language of the extensive annotation in 66 A. L. R. 948, 952, (under title "United States") by way of quotation from *Newby v. Oregon Central Railroad Co.*, 18 Fed. cases 38: "The case of an encroachment as to the names of corporations is analagous to if not stronger than that of piracy upon established trademarks."

It is urged by respondent that the complaint is insufficient in that no injury is alleged to have been suffered by appellant's business. Under I. C. A., section 29-107, such allegation is unnecessary. The rule is that

"It is only necessary to show actual or probable confusion of goods as a result of defendant's use of particular terms or symbols; * * * The cases are very numerous where relief has been afforded upon the ground of unfair competition against a deceptive use of generic or descriptive names and marks, personal, geographical, corporate, and other names, none of which are capable of exclusive appropriation as technical trademarks." (63 C. J. 392.)

It is also contended that there is no allegation

of improper direction of mail matter to appellant intended for respondent; no allegation of how many times, or what, if any bother or injury to plaintiff's business it caused; no showing of how many policy holders may have mistaken appellant for respondent, or in what respect, whether in the payment of assessments or otherwise. Under the following authorities such matters need not be pleaded specifically:

"It is not essential that plaintiff show specific instances where confusion has arisen [Citing cases] * * * ." (*Rochester Sav. Bank v. Rochester Savings & Loan Ass'n.,* 170 Misc. 982, 11 N. Y. S. 2d 130.)

"It is not essential to prove actual confusion, deception, or bad faith as a basis for injunctive relief to prevent the use of a name which is likely to lead to confusion." (*New York World's Fair 1939, Inc., v. World's Fair News, Inc., et al.,* 163 Misc. 661, 297 N. Y. S. 923.)

" * * * in order to make out a case of unfair competition, it is not necessary to show that any person has been actually deceived by defendants' conduct and led to purchase his goods in the belief that they are the goods of plaintiff or to deal with defendant thinking he was dealing with plaintiff; it is sufficient to show that such deception will be the natural and probable result of defendant's acts." (63 C. J., p. 396.)

It is also urged that since there is no allegation of fraud, or that respondent adopted its name with any design of injuring appellant, the complaint is insufficient. This contention is not well taken.

"Although it has been held that the plaintiff must prove a fraudulent intent on the part of defendant to pass off his goods or business as and for that of plaintiff in order to establish unfair competition, it has also been held that proof of a fraudulent intent is not required where the necessary and probable tendency of defendant's conduct is to deceive the public, and pass off his goods or business as and for that of plaintiff, especially where only preventive relief against continuance of the wrong is sought or granted. Even if the resemblance is accidental and not intentional, plaintiff is entitled to protection against its injurious results to his trade." (63 C. J. p. 403.)

We have concluded as to the first cause of action that the complaint states facts sufficient to constitute a cause of action, and, with all due respect to the trial court, we are convinced that the general demurrer was erroneously sustained.

Coming now to appellant's second cause of action wherein it is alleged, inter alia:

" * * * that the Legislature of the State of Idaho, by Sections 29-1108 I. C. A., and Chapters 110, 1933 Idaho Session Laws and 114, 1941 Idaho Session Laws, intended to and did provide fully for, and intend to create a governing code under which, and under which alone death benefit associations might exist in the State of Idaho. The defendant corporation is an association for payment of death benefits upon an assessment plan; and the said defendant is organized and exists upon the pretended authority of Chapter 10, Title 29, I. C. A., which Chapter makes no provision for such associations for payment of death benefits; and for that reason the said defendant is without authority to do business in the State of Idaho under the name United American Benefit Association, Inc., or under any other name whatsoever."

"The said defendant is not now and never has been qualified to do business under Chapter 110, 1933 Session Laws of Idaho, Chapter 114, 1941 Session Laws of Idaho, nor Section 29-1108 I. C. A., nor under either of said statutes, for the reason that said corporation was not organized under either of said laws, and has not brought itself within the jurisdiction of the Department of Insurance as in said acts required."

"WHEREFORE, plaintiff prays the judgment of this court: * * *

"Enjoining and restraining the said defendant from further doing business as a death benefit association under any name."

To which second cause of action, as heretofore stated, respondent filed and the court sustained a special demurrer based upon I. C. A., subdivision 2, section 5-607, "That the plaintiff has not legal capacity to sue."

Appellant contends that the court erred in sustaining the demurrer *for want of legal capacity to sue* for the

reason that no defect of legal capacity appears in the complaint. We are of the opinion that appellant's contention must be upheld under the rule announced by this court in *Pratt v. Northern Pacific Express Co.,* 13 Idaho 373, 90 Pac. 341, *Anthes v. Anthes,* 21 Idaho 305, 121 Pac. 553, and *MacLeod v. Stelle,* 43 Idaho 64, 249 Pac. 254.

In *Pratt v. Northern Pacific Express Co., supra,* it is held that:

"A demurrer on the grounds of want of legal capacity to sue, it seems to us, must relate to some legal disability on the part of the plaintiff to prosecute and maintain his action. As said by Pomeroy in his Code Remedies (fourth edition), page 180, this disability must be 'such as infancy, coverture, idiocy and the like, and not the absence of facts sufficient to constitute a cause of action.' A plaintiff may have legal capacity to sue and to prosecute his action against the defendant, but if he does not have a cause of action, he certainly cannot recover."

"In *Valley Lumber Co. v. Driessel,* 13 Ida. 672, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299, this court dealing with the question of the capacity of the plaintiff to maintain its action as distinguished from the sufficiency of the facts pleaded, said: "A corporation or individual may have a good cause of action and still have not the capacity to sue; and may have capacity to sue and no cause of action.' " (*Anthes v. Anthes, supra.*)

"To maintain action, plaintiff must be possessed of 'legal capacity to sue,' which is right to come into court. The phrase 'legal capacity to sue,' as used in a Code provision, means that plaintiff must be free from general disability, such as infancy or insanity, or if he sues as a representative, that he shall possess the character in which he sues. The capacity to sue exists only in persons in being, and not in those who are dead or who have not yet been born, and so cannot be brought before the court." (*MacAffer v. Boston & M. R. R.,* 273 N. Y. S. 679, 242 App. Div. 140, syllabus.) See also *Hunt v. Monroe,* 32 Utah 428, 91 Pac. 269; *H Milgrim & Bros. v. Schlesinger,* (Oregon), 123 Pac. 2d 196 47 C. J. 180.

Any person of sound mind, of lawful age, and under no restraint or legal disability, as heretofore re-

ferred to, has the legal capacity to sue. An objection that the plaintiff has no legal capacity to sue does not include the objection that the action is not brought in the name of the real party in interest. Respondent's demurrer of want of legal capacity to sue would not raise the question of whether or not the Attorney General of the State was the real party in interest. (*Logan v. Oklahoma Mill Co.,* 14 Okla. 402, 79 Pac. 103.)

There are other grounds of demurrer urged by respondent but not passed upon by the trial court. The important question however is raised by the fifth ground of respondent's demurrer, namely, "That there is a defect of parties plaintiff, in that the State of Idaho is the only proper and necessary party for the prosecution of the second cause of action set forth in said complaint" and although the lower court did not sustain the demurrer on this ground, yet as was said in *Gagnon v. St. Maries Light Etc., Co., Ltd.,* 26 Idaho 87, 91, 141 Pac. 88, since "the same question must arise in proceeding further under the complaint, it seems advisable to dispose of it in this opinion. It is also true that if the demurrer was good on any ground stated, it would be the duty of this court to sustain the trial court, even though he sustained the demurrer on an erroneous ground." (To same effect see *MacLeod v. Stelle, supra; Telfer v. School District No. 31,* 50 Idaho 274, 295 Pac. 635.) In *Feehan v. Kendrick,* 32 Idaho 220, 179 Pac. 507, it is held: "If a demurrer, sustained by the trial court on an erroneous ground, is good on any ground, the ruling will not be reversed." (See also *Jorgenson v. Stirling,* 35 Idaho 785, 791, 209 Pac. 271.)

Appellant seeks to enjoin and restrain respondent from further doing business as a death benefit association under any name, contending that respondent corporation cannot carry on the business in which it is engaged for the reason that it is incorporated under the provisions of I. C. A., Chapter 10, Title 29; that in order to carry on said business it was imperative that it be incorporated under the provisions of I. C. A., section 29-1108, and Chapters 110, 1933 Session Laws and 114, 1941 Session Laws.

In other words, appellant seeks in his second cause of

action to collaterally attack the right of respondent to do business as a death benefit association under its articles of incorporation under any name. I. C. A., section 29-157, provides:

"The attorney-general may bring an action against any corporation to procure a judgment annulling, vacating or forfeiting, as the case may be, its articles of incorporation and franchise upon the ground that:

\* \* \* \*

"c. The corporation has exercised authority not conferred upon it, or abused authority conferred upon it";

This court in the case of *Boise City Canal Co. v. Pinkham*, 1 Idaho 790, held that "Individuals cannot avail themselves of any defect in organization of a corporation in collateral suits. This must be taken advantage of by the power creating them." (To same effect see *Henry Gold Min. Co. v. Henry*, 25 Idaho 333, 137 Pac. 523; *Oregon Short Line R. Co. v. Postal Tel. Cable Co.*, 111 Fed. 842.) Unless otherwise permitted by statute, proceedings for the forfeiture of the charter of a corporation must be at the instance and on behalf of the state and cannot be prosecuted by a private individual. (*Union Sav. & Invest. Co., v. District Ct.*, 44 Utah 397, 140 Pac. 221, Ann. Cas. 1917A 821; 13 Am. Jur. p. 1182, section 1328, note 14.)

From what has been said it follows that the demurrer for want of legal capacity to sue should have been over-ruled. The demurrer "That there is a defect of parties plaintiff in that the State of Idaho is the only proper and necessary party" authorized to bring and maintain the second cause of action, should have been and hereby is sustained. The trial court erred in sustaining the general demurrer to the first cause of action. The cause is remanded with instructions to the trial court to proceed in accord with the views herein expressed. Each party to pay its own costs.

Givens, C.J., and Morgan, Holden, and Ailshie, JJ., concur.