398 P.2d 646

Mary R. EVANS, Plaintiff-Appellant,

v.

CONTINENTAL LIFE AND ACCIDENT COMPANY, a corporation, Defendant-Respondent.

No. 9510.

Supreme Court of Idaho.

Jan. 25, 1965.

Langroise, Clark & Sullivan, Boise, for respondent.

Thomas A. Mitchell, Coeur d'Alene, for appellant.

KNUDSON, Justice.

Appellant is the widow of Albert C. Evans, who died of heat stroke on July 16, 1960 while in the employ of the State of Idaho, Department of Highways, at Coeur d'Alene, Idaho. This action was brought to recover $5,604 (being an amount equal to the annual wage of deceased) under the accidental death provisions of a group insurance policy (No. GE 166) issued by respondent under which said deceased was covered as an employee. Appellant is the beneficiary under said policy. The action was tried before the district court sitting without a jury and from a judgment of dismissal this appeal is taken.

Among the facts which are admitted by written stipulation are that the policy here involved provided for payment of an amount equal to one year's salary ($5,604) in the event of the death of the insured, and that said payment on behalf of said Albert C. Evans had been made prior to the filing of this action; that said policy provided for the payment of an additional sum in an amount equal to one year's salary in the case of accidental death of the insured, subject to the terms and conditions set forth in the double indemnity portion of said policy, the salient provisions of which are:

"Upon receipt of notice and due proof, as required herein, that any employee, while insured for Accidental Death, Dismemberment and Loss of Sight Benefits under the policy, shall have sustained any of the losses listed in the following Table of Losses as the direct result of accidental bodily injury

(i) which does not arise out of or in the course of any employment by the Employer, and

(ii) for which he is not entitled to benefits under any Workmen's Compensation law,

and independently of all other causes, as evidenced by a visible contusion or wound on the exterior of the body (except in the case of drowning or internal injuries revealed by an autopsy), and the date of occurrence of such injury is not more than ninety days prior to the date such loss was sustained, ·

*the Insurance Company agrees to pay,* subject to the terms and conditions hereof, the amount of insurance specified for such l~ss in the Table of Losses, in accordance with the Full Amount of Insurance applicable to such employee as specified in the Schedule of Benefits.

"TABLE OF LOSSES

In the Event of Loss of:       The Benefit Will be:

Life ----------------The Full Amount of Insurance

\* \* \*

\* \* \* \* \*

"No Accidental Death, Dismemberment and Loss of Sight Benefits will be paid for any loss which results directly or indirectly, wholly or partly, from: \* \* \* disease of the body or mental infirmity, or as a result of medical or surgical treatment or diagnosis therefor; \* \* \*"

Appellant assigns as error the following quoted Findings of the trial court, to-wit:

"6. Said death of said Albert C. Evans resulted from a heat stroke which constituted a personal injury received by him caused by an accident arising out of and in the course of his employment by his employer, the State of Idaho.

"7. Prior to the commencement of this action, plaintiff, as claimant, applied for, and subsequently was awarded, and received, Workmen's Compensation benefits pursuant to the Workmen's Compensation law of the State of Idaho, based upon said death of said Albert C. Evans.

"8. Said Albert C. Evans and his beneficiaries were entitled to benefits under the Workmen's Compensation law of the State of Idaho as a result of said accidental personal injury."

Appellant also assigns as error the court's conclusions of law that Mr. Evans' death was not included within the definition of additional coverage contained in said policy and appellant was not entitled to recover any amount.

An insurance contract is subject to the same rules of legal interpretation as other contracts and the parties thereto, as in other contracts, are bound by the plain terms thereof. In the instant case respondent's obligation to pay must be

determined from a consideration of the double indemnity provision hereinbefore set forth. Under this provision respondent's obligation to pay the amount claimed by appellant arises only upon the conditions that if the death occurred:

(1) Independently of all other causes, as the direct result of accidental bodily injury evidenced by a visible contusion or wound on the exterior of the body; and

(2) did not arise out of or in the course of any employment by the employer; and

(3) for which appellant as beneficiary is not entitled to benefits under any Workmen's Compensation law.

(4) The policy further provides that notice and due proof of such facts must be submitted to the Insurance Company.

■ Appellant having commenced this action alleging that she is entitled to benefits in addition to the payments she has admittedly received, the burden of proof rests with her to show that the specific conditions precedent on which the liability is contingent, have taken place. The applicable general rule is stated in Vol. 21 of Appleman—Insurance Law & Practice at page 74 § 12141, as follows:

"In an action on an accident policy, the burden is on the beneficiary to show by evidence that the insurer is liable upon its policy. Likewise, the insured has the burden of showing that his injury was covered by the terms of the policy. * * *"

In New York Life Ins. Co. v. McNeely (1938), 52 Ariz. 181, 79 P.2d 948, the court stated:

"It will be seen by referring to the double indemnity provision above set forth, that it was payable only on proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely by external, violent and accidental means. Under a provision of this kind, it is necessary not only that the beneficiary of the policy prove the death of the insured, but also prove affirmatively, by a preponderance of the evidence, that such insured came to his death by reason of the specific causes set forth in the policy, and from those causes only. * * *"

Also in Metropolitan Life Ins. Co. v. Rosier (1941), 189 Okl. 448, 117 P.2d 793, such rule was considered and the court concluded that:

"A fair analysis of the various expressions of this court upon the subject leads to the inevitable conclusion that the rights of the parties to an insurance contract are determinable solely by the provisions of the contract, * * * and that the burden rests upon one who seeks to recover the benefits provided

by such contract of indemnity to establish a right of recovery within the legal and proper conditions named in the policy."

In Washington Nat. Ins. Co. v. Chavez (Tex.Civ.App.1937), 106 S.W.2d 751, the court held that:

"* * * A plaintiff suing on an accident insurance policy has the burden of pleading and proving that insured's death was accidental and not within exceptions. [cases cited]"

See also: Browning v. Equitable Life Assur. Soc. (1938), 94 Utah 570, 80 P.2d 348; Nichols v. New York Life Ins. Co. (1930), 88 Mont. 132, 292 P. 253; Radius v. Travelers Ins. Co. (9 Cir. 1937), 87 F.2d 412.

In Lunt v. Aetna Life Ins. Co. (1928), 261 Mass. 469, 159 N.E. 461, the plaintiff sought to recover on an automobile liability policy. The alleged liability of defendant arose out of an automobile accident in which four persons, the plaintiffs in the original actions against Lunt, were injured. They recovered verdicts. This action was then brought to recover on the policy which provided that the insurer would not be liable for "accidents to any other employees of the assured, arising out of or in the usual course of the trade, business, profession or occupation of the assured." The court held that the burden was upon the assured to show that the accident was within the terms of the policy; and he could not recover unless there was evidence that the injured parties were not his employees, injured because of the accident involved.

In the case before us appellant introduced evidence to prove that the assured's death resulted from a personal injury received by him which was caused by an accident, and the trial court so found. Appellant complains that the court also found that such accident arose out of and in the course of insured's employment.

The record discloses stipulated admissions on the part of appellant that: (1) at the time of his death Albert C. Evans was employed by the Idaho State Highway Department at an annual wage of $5,604.00; (2) that Albert C. Evans died on property owned by the State of Idaho; (3) that appellant caused to be filed with the State of Idaho as employer of the insured, Mr. Evans, the Idaho State Insurance Fund and the Industrial Accident Board, notices of injury and claims for Workmen's Compensation and death benefits, wherein the accident is described as having happened under the following stated circumstances:

"Mr. Evans had been inspecting samples of concrete, finished loading samples into pick-up when he turned to walk over and talk to Bob Kirk, an employee of Henry Hagman, contractor, when he, Mr. Evans, slumped to the ground, apparently suffering a heart attack."

It is also admitted by stipulation that appellant filed with the Industrial Accident Board a petition for hearing on her claim; that a hearing thereon was held before the Industrial Accident Board on December 1, 1960; that upon the completion of said hearing the matter was submitted to the Board for its decision, and while under advisement by the Board said claim was settled by a compensation agreement made between the appellant, as claimant, the Idaho Department of Highways, as employer, and the State Insurance Fund, as surety, and that said compensation agreement was duly authorized and approved by said Board on March 20, 1961; that on or about March 24, 1961 appellant received a payment in the amount of $3,500 from the State Insurance Fund as workmen's compensation surety pursuant to said compensation agreement and said authorization, approval and award of the Idaho Industrial Accident Board.

Appellant now contends that she did not in fact have a compensable claim for benefits under the Workmen's Compensation Law and that the $3,500 which she received under the settlement agreement and award was a windfall resulting from a negotiated compromise. The only way by which appellant seeks to establish that she "is not entitled to benefits under the Workmen's Compensation Law" is by citing and discussing the case of In Re Brown's Death, 84 Idaho 432, 373 P.2d 332. Appellant contends that in light of the decision in said case this appellant did not have a compensable claim under the law. We do not agree with this contention nor do we recognize the decision in said case as being controlling as to this appellant's rights to benefits.

Without attempting to mention all of the facts which distinguish the Brown case from the instant case, we note that in the Brown case the assigned cause of death was "massive coronary occlusion"; the decedent had a previous heart history extending over a period of four years; no evidence was introduced supporting a conclusion as a medical certainty or probability that deceased's work on the fatal day hastened or precipitated his death.

In the instant case the only medical testimony submitted tending to establish cause of death fixes "heat stroke" as such cause and there is no evidence that deceased had any previous history of having had symptoms of heat stroke. Although we do not here decide that heat stroke is a compensable injury under our statute, we recognize that there is eminent authority supporting the view that heat stroke does constitute an accident compensable under the Workmen's Compensation Law. (Hebert v. New Amsterdam Casualty Co. (Comm. of App. of Texas 1928), 1 S.W.2d 608; City of Joliet v. Industrial Commission

(1920), 291 Ill. 555, 126 N.E. 618; 99 C.J.S. Workmen's Compensation § 187, p. 642; 13 A.L.R. 979.) It is admitted that the deceased was employed at the time of his death, and that he died on property owned by his employer, the State of Idaho. This court has recognized that by the great weight of authority injuries sustained by an employee upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment. In re MacKenzie, 55 Idaho 663, 46 P.2d 73; Burchett v. Anaconda Copper Min. Co., 48 Idaho 524, 283 P. 515.

Moreover, this record discloses that appellant actually received benefits under an award based upon an agreement approved by the Industrial Accident Board. This court has repeatedly held that an agreement for compensation approved by the Board constitutes a decision and award of the Board and has the same effect as an award entered by the Board. Rodius v. Coeur D'Alene Mill Co., 46 Idaho 692, 271 P. 1; Reagan v. Baxter Foundry etc. Works, 53 Idaho 722, 27 P.2d 62; Skelly v. Sunshine Mining Co., 62 Idaho 192, 109 P.2d 622; Blackburn v. Olson, 69 Idaho 428, 207 P.2d 1160; Nitkey v. Bunker Hill & Sullivan Mining & Concentrating Co., 73 Idaho 294, 251 P.2d 216. I.C. § 72–608 provides:

"An award of the board in the absence of fraud, shall be final and conclusive between the parties, except as provided in section 72–607, unless within 30 days after a copy has been sent to the parties, either party appeals to the Supreme Court. On such appeal the jurisdiction of said court shall be limited to a review of questions of law. * * * "

It is clear that the facts as stipulated and shown by this record do not establish or support appellant's contention that she is not entitled to benefits under our Workmen's Compensation Law. Under the laws of this state a claimant must in the first instance prove his right to compensation before the Industrial Accident Board (Golay v. Stoddard, 60 Idaho 168, 89 P.2d 1002). Accordingly we are not here deciding that appellant is entitled to benefits under said law nor have we herein considered or determined the validity or invalidity of the Board's action in approving the settlement agreement or entering the award. (See Hanson v. Independent School Dist. 11-J, 57 Idaho 297, 65 P.2d 733; Rivera v. Johnston, 71 Idaho 70, 225 P.2d 858.) However we are convinced that appellant has not met her burden of proof sufficiently so as to entitle her to recover in this case.

We affirm the conclusion reached by the trial court denying recovery to appellant; however we neither affirm nor disaffirm the finding that appellant is definitely entitled to benefits under the Workmen's

Compensation Law of this state as a result of the accident involved.

 Where final judgment or order of a lower tribunal is correct, but entered upon an erroneous theory, the judgment or order will be affirmed by the appellate court upon the correct theory. Saulls v. Employment Security Agency, 85 Idaho 212, 377 P.2d 789; Jorgenson v. Stirling, 35 Idaho 785, 209 P. 271; Berry v. Koehler, 86 Idaho 225, 384 P.2d 484.

Judgment affirmed. Costs to respondent.

McFADDEN and SMITH, JJ., and TOWLES, D. J., concur.

McQUADE, C. J., concurs in conclusion reached.