[No. 279-41107-1.    Division One—Panel 2.    November 16, 1970.]

J. LAWRENCE BUCKLEY *et al.*, *Respondents*, v. LARRY L. STEVENS *et al.*, *Appellants*, ROBERT J. CADRANELL *et al.*, *Respondents*.

*Torbenson, Thatcher, Stevenson & Burns* and *Robert Stevenson*, for appellants.

*Bogle, Gates, Dobrin, Wakefield & Long, Yancey Reser*, and *Dale B. Ramerman*, for respondents Buckley et al.

*Cook, Flanagan & Berst, Charles G. Flanagan*, and *Jerry H. Landeen*, for respondents Cadranell et al.

UTTER, J.—Larry L. Stevens and William G. Boyd, appellants, loaned $22,000 to Robert J. Cadranell and others in his family and took in exchange a note payable at 12 per cent per annum. The Cadranells were charged with a $2,200 finder's fee and were required to give security interests in certain property they owned. On February 5, 1963, appellants were loaned $22,000 by J. Lawrence Buckley and his wife, who were given a promissory note by appellants. The money was paid to the Cadranells after the funds were received from the Buckleys.

The Cadranells later stopped making payments on their note and appellants also stopped making payments at that

time to the Buckleys. The Buckleys sued appellants on their note. Appellants denied liability and demanded the Buckleys foreclose their alleged security interest against the Cadranells, which they claimed was held in trust for the Buckleys' benefit. The Cadranells were joined by appellants who sought foreclosure of their security and judgment over on the Cadranell note. The Cadranells cross-claimed against appellants, setting out the defense of usury, and appellants in turn denied usury, alleging the $2,200 was a proper charge for services performed for the Cadranells in investigating their financial ability before making the loan.

Two separate transactions were found to exist by the court which granted the Buckleys a judgment against appellants for the amount due on their note and allowed the Cadranells an offset judgment on their cross claim against appellants for usury in a sum equal to the entire amount due.

The assignments of error and arguments on appeal of appellants raise the basic question whether the challenged findings are supported by the record.

Although the documentary evidence and testimony is in conflict, there is support in both the oral testimony of the parties and their correspondence for the finding made by the trial court that the transactions between appellants and the Cadranells, and appellants and the Buckleys were separate transactions. The trial court's finding the $2,200 was a finder's fee is unchallenged.

Error is assigned to that portion of a finding of fact holding, "Said finders [sic] fee was in fact an additional interest charge by . . . [appellants] for their loan of money to the Cadranells." There are cases which hold a lender may charge a fee for services rendered when the fee charged is reasonable and is not a commission for making the loan or payment for the use of money. *Peoples Nat'l Bank v. National Bank of Commerce,* 69 Wn.2d 682, 420 P.2d 208 (1966); *Testera v. Richardson,* 77 Wash. 377, 137 P. 998 (1914). The determination of this issue is a question

of fact. Although the record indicates appellants went to considerable effort to satisfy themselves there was good security for the loan they were making, the evidence further shows appellants, in addition to the finder's fee, charged the Cadranells specifically for a credit report, title insurance premiums, attorney's fees and an escrow fee. The evidence does not compel us to find, as a matter of law, that the money charged as a finder's fee was strictly for services rendered, was reasonable and was not a commission for making the loan or a payment for use of money.

The cases have given the term "finder's fee" a meaning which is supportive of the trial court's determination and have defined it as compensation in the nature of a commission. *Davidson v. Robie*, 345 Mass. 333, 187 N.E.2d 371, 374 (1963); *Cray, McFawn & Co. v. Hegarty, Conroy & Co.*, 27 F. Supp. 93 (S.D.N.Y. 1939).

The trial court's determination that the charge was a finder's fee rather than a charge for services rendered is supported by substantial evidence. As a finder's fee charged by the lenders, the record further supports the finding of fact that it was an additional charge for a loan of money and therefore usurious. We find the other challenged findings and conclusions supported by the record.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied December 21, 1970.

Review denied by Supreme Court January 19, 1971.