ENOCH S. TURNER AND THELMA PHILLIPPE, RESPONDENTS, v. CENTRAL MUTUAL INSURANCE ASSOCIATION, APPELLANT.—183 S. W. (2d) 347.

Kansas City Court of Appeals.   November 6, 1944.

*Bushman & Buchanan* and *Russell E. Holloway* for appellant.

426

*Don C. Carter* for respondents.

No brief for respondent.

BLAND, P. J.—This is an action on a certificate of life insurance, in the sum of $1000, brought by the beneficiaries therein. There was a verdict and judgment in favor of plaintiffs in the sum of $1038.35, and defendant has appealed.

Defendant's by-laws ·provide that only white persons not more than fifty years of age at his or her nearest birthday shall be eligible for membership in the defendant company. The sole defense made to the suit was that insured was over fifty years of age at the time the certificate was issued, on September 24, 1928. It was admitted at the trial that if she was over that age at the time in question, the certificate was void. [See, also, Langan v. U. S. Life Ins. Co., 344 Mo. 989; Johnson v. Central Mutual Ins. Co., 143 S. W. (2d) 257.]

In her application for membership, dated September 24, 1928, insured stated that 'she was forty-eight years of age. In the proofs of death, furnished to defendant by the plaintiffs and signed by the plaintiff, Enoch S. Turner, it was stated that insured was born on November 30, 1876. It will thus be seen that, according to the proofs, she was more than fifty years of age at the time the application was made and the certificate was issued.

Defendant introduced the proofs of death in evidence, together with other documentary evidence, tending to show that ·insured was over fifty years of age at the time in question. Plaintiffs offered oral testimony attempting to explain the statement in the proofs of death relative to insured's age and, also, offered in evidence, the census report for the year 1920, reciting that insured was forty years of

age at that time. This would make her approximately forty-eight years of age in 1928, at the time the certificate was issued.

At the request of the plaintiffs the court instructed the jury that the burden of proof was upon the defendant to show that on September 24, 1928, insured was more than fifty years of age at her nearest birthday.

It is insisted by the defendant that the court erred in giving this instruction. Defendant cites in support of this contention, Welch v. Frat. Aid Union, 214 Mo. App. 443; Weise v. Sov. Camp, W. O. W., 207 S. W. 249, and Tuepker v. Sov. Camp, W. O. W., 226 S. W. 1002.

It is admitted that, as to insured being over age, the burden of proof was upon defendant. [See, also, Langan v. U. S. Life Ins. Co., supra; Johnson v. Cent. Mut. Ins. Co., supra; Williams v. M. W. A., 204 Mo. App. 135; Menzenworth v. Met. Life Ins. Co., 249 S. W. 113; Burgess v. Pan-American Life Ins. Co., 230 S. W. 315.]

Defendant insists that it met this burden when it introduced in evidence the proofs of death, and the burden of proof then shifted to plaintiffs to explain the proofs. It is well settled that when proofs of death admit facts supporting such a defense, the burden is upon the plaintiff to introduce evidence explaining or contradicting such proofs and, unless plaintiff introduces such evidence, defendant is entitled to a verdict. [See State ex rel. v. Hughes, 348 Mo. 829, 831; Remfry v. Mutual Life Ins. Co., 196 S. W. 775, 778.]

The case, therefore, in the last analysis, is boiled down to the meaning of the phrase "burden of proof". It has been held that the burden of proof is upon the party who asserts the affirmative of an issue and this burden never shifts. [Bathe v. Ins. Co., 152 Mo. App. 87; McCloskey v. Koplar, 46 S. W. (2d) 557.] "The phrase 'burden of proof', as used by the courts, is ambiguous; it is used indiscriminately as meaning either the necessity of establishing a fact or the necessity of making or meeting a prima-facie showing. The phrase 'burden of proof', as used by the courts, is one of double meaning, which circumstance has been the cause of confusion so great as to suggest the propriety of adopting a less objectionable term. The ambiguity lies in the indiscriminate use of the phrase 'burden of proof', as meaning either the necessity of establishing the existence of a certain fact or set of facts by evidence which preponderates to a legally required extent, or the necessity which rests on a party at any particular time during a trial to create a prima-facie case in his own favor, or to overthrow one when created against him". [31 C. J. S. 708, 709.]

The phrase "burden of evidence" as distinguished from the phrase "burden of proof" is the burden of going forward with evidence to meet the proof of the adverse party. It is the burden of making or meeting a prima facie showing as to an issue. [McCloskey v. Koplar, supra.]

There is no question but that the burden of proving that insured, on September 24, 1928, was more than fifty years of age at her nearest birthday, was upon defendant at all times. But it would appear that, so long as the phrase "burden of proof" is ambiguous and has a double meaning and that, even the courts, themselves, have so often been led into error in failing to distinguish that phrase from the phrase "burden of evidence", the jury should be instructed as to the meaning of these phrases when used. In Stofer v. Dunham, 208 S. W. 641, this court upheld the refusal of the trial court to give an instruction placing the burden of proof upon plaintiff in a passenger-carrier *res ipso loquitur* case, holding that such an instruction would be confusing to a jury, although, technically, the instruction was correct. [See McCloskey v. Koplar, *supra*.] However, the Supreme Court has approved an instruction similar to the one given in the case at bar. [See Burgess v. Pan-American Life Ins. Co., 230 S. W. 315, and Burgess v. Pan-American Life Ins. Co., 211 S. W. 114, 118, where the instruction mentioned by the Supreme Court in that case is set out.] Consequently, this point must be ruled against the defendant.

The judgment in the case of Welch v. Frat. Aid Union, *supra*, cited by the defendant, was not reversed on account of the instruction given therein (in fact it was, in effect, affirmed), because the court found that the affidavit, which had been made by a physician, and which the defendant contended was a part of the proofs of death was, in fact, not a part of such proofs. However, this court felt the urge to say, l. c. 458; "It is well established that, while the burden of proof is on defendant to establish its defense, yet if plaintiff's proofs of death contain facts which admit such defense, but plaintiff seeks to explain or contradict such statements, then the jury should not be told that the burden of proof is on defendant". This statement is at variance with the holding in the Burgess case and must be disapproved.

We have examined Weise v. Sov. Camp, W. O. W., 207 S. W. 249, 251, and Tuepker v. Sov. Camp, W. O. W., 226 S. W. 1002, cited by defendant on this point and find that the facts appearing therein are so unlike those in the case at bar that those cases furnish no aid to the defendant. It appears, however, that in the Wiese case, l. c. 251, and in the Tuepker case, l. c. 1004, the court inaccurately referred to the burden upon plaintiff to meet the admissions, contained in her application and proofs of death, as the "burden of proof" instead of "burden of evidence".

Defendant insists that the court erred in failing to sustain its motion for a new trial on the ground of newly discovered evidence.

In the motion defendant alleged that prior to the trial plaintiffs' counsel exhibited to counsel for defendant a copy of the census report for the year 1920 and defendant sought to procure, from the director of census in Washington, information concerning the age of the in-

sured contained in other census reports, but was informed that all information contained in such reports was confidential and could not be had except upon a request of the party concerned. No doubt the director was acting under his construction of section 218, Title 13, U. S. C. A., in refusing the request. Before the trial defendant attempted to examine the records of the State Social Security Commission in its office in Boone County but was not permitted to see the record until after the trial of the case had commenced, when it was discovered that part of the records consisted of an unverified copy of the United States Census for the year 1880 obtained by the Social Security office from Washington, stating that insured was five years of age at the time this census was taken. This, if competent, would tend to show that she was more than fifty years of age at her nearest birthday on September 24, 1928, the date of the issuance of the certificate sued on.

Defendant says that it did not offer in evidence the copy of the census for the year 1880 found in the office of the Social Security Commission because it was not authenticated.

The court properly overruled the motion for a new trial. It does not disclose any newly-discovered evidence in the possession of the defendant, or knowledge thereof, which came to the defendant after the trial, but discloses that defendant had knowledge of the existence of the census records during the trial and that it probably would not be able to obtain a certified copy of the information desired from the director if a new trial were granted.

Under the circumstances, the court did not err in refusing to grant a new trial. [Devine v. Wells, 300 Mo. 177.]

The judgment is affirmed. All concur.