293 P.2d 945

Irene REDDY, Administratrix of the Estate of Barbara Fuller, deceased, Plaintiff-Respondent,

v.

A. A. JOHNSTON, Executor of the Estate of John B. Barthel, deceased, Defendant-Appellant.

No. 8336.

Supreme Court of Idaho.

Feb. 14, 1956.

W. A. Johnston, Boise, for appellant.

Benton F. Delana, Z. Reed Millar, Boise, for respondent.

ANDERSON, Justice.

The complaint of plaintiff (respondent) Barbara Fuller alleged that at the special instance and request of John B. Barthel during his lifetime she performed work and labor for him in nursing and caring for him, running personal errands, getting medicine and meals, etc., and endeavoring to obtain a nursing home for him, all of these services being between September 1, 1950, and May 12, 1953, the date of Barthel's death.

After his death, a claim was presented to A. A. Johnston, the executor of Barthel's estate, by Barbara Fuller for the services heretofore mentioned. The claim was denied, and this action commenced, the complaint setting out two causes of action, the first being based on an oral agreement with

Barthel to pay plaintiff the reasonable value of her work and labor, which is alleged to be the sum of $2,000. The second cause of action is the same, except it is based upon quantum meruit. The matter was tried to a jury, and resulted in a verdict and judgment for plaintiff in the sum of $2,000.

Briefly, the evidence disclosed that Barthel had lived at the Idan-ha Hotel in Boise for several years, and continuously from September 1, 1950, to November 29, 1952, except for a short time when he was in Arizona trying to cure his asthma, with which he had been afflicted for some time. During this period he had severe attacks of asthma, Miss Fuller assisted in running errands to secure medicine, meals, etc., for him, and took him several times to see his doctor.

November 29, 1952, Barthel fell and injured one of his hips, and Miss Fuller arranged to have him taken to St. Alphonsus Hospital, where she visited him nearly every day and assisted in making him comfortable, and did errands for him, such as bringing his mail, papers and little personal items. This continued until his death May 12, 1953. No claim or demand for payment was made during his lifetime.

The judgment was entered in this case March 18, 1955. May 24, 1955, Barbara Fuller died; and August 12, 1955, Irene Reddy was duly appointed administratrix of her estate, and was thereafter substituted as party plaintiff and respondent in this proceeding.

Appellant assigns as error that the trial court erroneously overruled defendant's demurrer to the complaint and the two causes of action in that neither of the causes of action nor the complaint as a whole is sufficiently pleaded against the defendant in his representative capacity. While the complaint is not a model to be followed in actions of this nature, nevertheless we are of the opinion that it sufficiently shows that the action was brought against Johnston as executor, rather than in his individual capacity. The complaint is entitled "A. A. Johnston, executor of the estate of John B. Barthel." It alleges his appointment as such June 10, 1953, that the alleged services were performed for the deceased and a claim was made against the estate and denied, and that it has not been paid by the deceased nor his executor. We think it is clear that the executor was sued in his representative capacity. Where the allegations of a complaint indicate with reasonable certainty that a plaintiff sues, or a defendant is sued, in a representative capacity, although there be no express or specific averment thereof, this is sufficient to fix the character of the suit. 67 C.J.S., Parties, § 100, p. 1096. The trial court properly overruled the demurrer. The complaint states a cause of action.

Appellant contends that the trial court erred in refusing to permit the execu-

tor to testify relative to whether he had found anything signed by *anyone* pertaining to payment having been made. While the questions were preliminary in nature, they were still too broad and not in proper form, and therefore the trial court's ruling thereon was technically correct. Furthermore, defendant did not plead nor claim plaintiff had been paid.

Appellant contends that the evidence is insufficient to support the judgment, in that there is no proof that Miss Fuller rendered any services to the deceased with expectation of pay, nor any evidence that Barthel expected to pay for such services, and that there is insufficient evidence as to the reasonable value of the claimed services.

We have examined the record, and while the evidence was rather weak in some respects, there was sufficient—although conflicting—evidence to go to the jury. Whether Miss Fuller performed services as alleged in her complaint, and if so the extent thereof and whether as a gratuity or not, and if not, their reasonable value, were questions for the jury under the conflicting evidence in this case. 54 A.L.R. 548, 551; In re Superior's Estate, 211 Minn. 108, 300 N.W. 393. Defendant's motion for nonsuit was properly denied.

The court instructed the jury that if they found that such services were rendered and performed, and knowingly and voluntarily accepted, that the law presumes an obligation to pay the reasonable value therefor. This was in compliance with Nagele v. Miller, 73 Idaho 441, 253 P.2d 233.

The court, in paragraph 3 of instruction No. 6, stated:

"This presumption, like any other presumption, may be rebutted by competent evidence to the effect that some consideration other than payment in money may have been rendered as compensation for the work and services and meals, or that the same were furnished gratuitously. But evidence that such items were furnished gratuitously must be clear and convincing in order to overcome the presumption that such items were to be paid for."

Appellant contends that the last sentence of this part of the instruction is erroneous, and that its giving was reversible error, in that he did not have the burden of proving by clear and convincing evidence that the services were furnished gratuitously in order to overcome the presumption that they were not. With this contention we agree.

The following appears in 17 C.J. S., Contracts, § 578, p. 1216:

"* * * Where, however, a party having the affirmative of the issue has made out a prima facie case, the bur-

den of evidence as distinguished from the burden of proof may shift to the adverse party; but the burden of proof, properly so-called, does not shift, and the party having the affirmative when the issues are made up must make out his case by a preponderance of the evidence."

See also Wigmore on Evidence, Volume 9, 1953 supplement, sec. 2489. All that was necessary was that defendant produce enough evidence to balance or outweigh the presumption that such items were to be paid for. If evidence that such items were furnished gratuitously leaves the issue of whether they were or not in balance or equipoise, the law requires a decision against the party having the burden of proof, which in this case would be the plaintiff. Neff v. Hysen, 72 Idaho 470, 475, 244 P.2d 146. When plaintiff has made a prima facie case by evidence, or a presumption given him by law, the defendant must meet it with countervailing proof or suffer whatever judgment the prima facie proof will support. The burden of proof remains with the plaintiff to establish her right to recover by a fair preponderance of all the evidence, not by "clear and convincing" evidence, and if this is not done, and there is no preponderance on either side, the plaintiff cannot recover. Miller v. Belknap, 75 Idaho 46, 51, 266 P.2d 662. The erroneous instruction constituted reversible error.

We have considered each of the other assignments of error, and conclude that they do not need to be discussed in view of our holding herein.

Judgment reversed, cause remanded for new trial.

Costs to appellant.

TAYLOR, C. J., and PORTER, J., concur.

SMITH, Justice, with whom KEETON, Justice, concurs (dissenting in part).

I concur with the majority of the Court that the instruction given on the burden of proof is erroneous and warrants a reversal of the judgment. I am of the further opinion that, not only should the judgment be reversed, but the action should be ordered dismissed.

Respondent relies upon the propositions:

First: That Miss Fuller performed services for Mr. Barthel for value, and

Second: That the existent relationship between Miss Fuller and Mr. Barthel created an implied contract for payment of value by Mr. Barthel for such services, i. e., that the presumption attains that such services were to be paid for.

The first proposition is not established beyond mere inference, i. e., it is not established as a fact; therefore the presumption stated in the second proposition will

408

not attain, since such presumption cannot rest upon an inference.

There is no evidence that the alleged services performed by Miss Fuller were to be paid for or that they were intended or contemplated to be performed for value; nor that either party at any time contemplated any payment whatever. The evidence fails to show that Miss Fuller performed any services other than gratuitous favors. Miss Fuller was not paid any sum during the entire period of time of alleged employment and no evidence was adduced to show, or tending to show that she expected payment. The services performed, or alleged to have been performed, by Miss Fuller were of a nature that any friend would or might perform for another, growing out of and because of friendship.

The evidence fails to show any business relationship between Miss Fuller and Mr. Barthel or any intent on the part of either party to create any such relationship. The record will not support even an inference that the services were performed for value. Such being so, there is nothing upon which to base the presumption that the services performed by Miss Fuller were to be paid for.

The rule is applicable here, that a presumption resting upon a presumption, or an inference upon an inference is not proof, and that the burden of proof cannot be so sustained.

The judgment should be reversed and the action dismissed.