R. C. LYNN, ADMINISTRATOR OF THE ESTATE OF DAVID LEE LYNN, DECEASED v. MILDRED M. CLARK, AND WILLIAM L. CLARK, ADMINISTRATOR OF CHARLES CLARK, DECEASED.

(Filed 12 April, 1961.)

**1. Parties § 1:    Pleadings § 18—**

Where the entire record discloses that the action was against the defendant in his representative and not his individual capacity, the caption denominating defendant the administrator for a named person and the complaint alleging that the named defendant's intestate died a resident of a specified county, the action is to be taken as one against the defendant in his representative capacity even though there is no expressed or specific averment thereof, and demurrer for defect of parties should be overruled.

**2. Pleadings § 12—**

A complaint should be liberally construed upon demurrer with a view to substantial justice between the parties, admitting for the purpose the truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. G.S. 1-127, G.S. 1-151.

APPEAL by plaintiff from *Patton, J.,* at October 1960 Term of BURKE.

Civil action for alleged wrongful death of David Lee Lynn on 14 June 1958, allegedly caused by the negligence of Charles Clark in the operation of a motor vehicle. The case was first tried at the October 1959 Term of the Superior Court of Burke County. At the conclusion of the plaintiff's evidence, the defendant Mildred M. Clark demurred to the evidence and moved the court for judgment as of nonsuit. The motion was allowed, and the ruling was affirmed by this Court in *Lynn v. Clark*, 252 N.C. 289, 113 S.E. 2d 427.

The jury at the trial at October 1959 Term was unable to agree upon a verdict as to the other defendant, and a mistrial was declared.

Thereafter on 22 September, 1960, the plaintiff filed a motion to amend his complaint. The cause again came on for trial at the October 1960 Term of Burke County Superior Court. The presiding judge then heard the motion, and denied same. And later, the defendant demurred *ore tenus* to the complaint on the ground that it failed to state a cause of action. The court sustained the demurrer and entered judgment in accordance therewith.

To the rulings of the court in denying the plaintiff's motion to amend, and in sustaining the defendant's demurrer *ore tenus,* the plaintiff objects and excepts, and appeals to the Supreme Court and assigns error.

*W. Harold Mitchell, John H. McMurray for plaintiff appellant.*
*Patton & Ervin for defendant appellee.*

WINBORNE, C.J. The determinative question on this appeal is whether or not the complaint states a cause of action against William L. Clark, as administrator of the estate of Charles Clark, deceased.

The defendant here contends that the complaint fails to allege either that William L. Clark was the administrator of Charles Clark, deceased, or that he had qualified and was acting as administrator of said estate, and that, therefore, the court properly sustained his demurrer. It is true that, except for the captions, William L. Clark is not referred to specifically in the pleadings as administrator. However paragraph 3 in pertinent part alleges "that William L. Clark's intestate, Charles Clark, died a resident of Burke County, North Carolina." Plaintiff moved to amend paragraph 2 by adding: "That William L. Clark was duly appointed Administrator of the Estate of Charles Clark, deceased, on the 26th day of July, 1958, by the Clerk of the Superior Court of Burke County, and that he is now the duly appointed, qualified and acting administrator of the estate of Charles Clark, deceased." As stated above this motion was denied.

Nevertheless, the language of the complaint, properly interpreted, shows a suit against William L. Clark, Administrator. The allegation in paragraph 3 shows that William L. Clark purported to act in some capacity for the estate of Charles Clark. It certainly indicates it was intended that he be sued in a capacity other than individually. While a complaint should specifically allege whether the action is brought against the defendant in his representative capacity, it is sufficient

if the complaint, taken as a whole, shows that the defendant is being sued in a representative capacity, though it is not expressly so alleged. In *Giguere v. Rosselot,* 110 Vt. 173, 3 A 2d 538, the Supreme Court of Vermont so holds.

Indeed, we think that the allegations of the complaint indicate with reasonable certainty that the defendant is being sued in a representative capacity, and that this is sufficient to fix the character of the action even though there is no express or specific averment thereof. See *Reddy v. Johnston,* 77 Ida. 402, 293 P 2d 945, citing 67 C.J.S. Parties, Sec. 100, p. 1096.

Furthermore, the answer filed by the defendant in answer to the allegations of the complaint admits the above mentioned allegation in paragraph 3. We think this further tends to show that the defendant recognized the fact that the action was brought against him in his representative capacity. An action should be treated as individual or as representative, as its true nature is disclosed by an inspection of the whole record. See *Massey v. Payne,* 109 W. Va. 529, 155 S.E. 658.

In fine, the office of the demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. Moreover, a pleading challenged by a demurrer is to be construed liberally with a view to substantial justice between the parties. G.S. 1-127; G.S. 1-151; *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E. 2d 568; *Jacobs v. Highway Comm., ante,* 200.

Therefore the conclusion is that the complaint states a cause of action and the court erred in sustaining the defendant's demurrer *ore tenus.*

The case will be remanded to the court below to the end that further proceedings be had as to right and justice appertain and the law directs.

Error and remanded.