429 P.2d 849

Rose M. Koch HARMAN, formerly Rose M.
Koch, Plaintiff-Appellant,

v.

The NORTHWESTERN MUTUAL LIFE IN-
SURANCE COMPANY, Defend-
ant-Respondent.

No. 9840.

Supreme Court of Idaho.

June 30, 1967.

Rehearing Denied July 20, 1967.

Opinion on Rehearing Filed July 24, 1967.

**720**

R. M. Whittier, Pocatello, for appellant.

Racine, Huntley, Herzog, Olson & Zener, Pocatello, for respondent.

TAYLOR, Chief Justice.

August 23, 1961, defendant (respondent) issued a policy of life insurance to one Wayne M. Koch. Plaintiff (appellant) was the beneficiary named in the policy. March 23, 1963, the insured Wayne M. Koch was killed in an airplane accident. The defendant paid the face amount of the policy; but refused to pay the additional sum of $6,000.00, provided by the policy to be paid in case the death of the insured resulted from accidental bodily injury, on the ground that the death resulted from a risk not assumed under the policy. In its answer defendant affirmatively alleged that among the "risks not assumed" in the "accidental death benefit provisions" of the policy was the following:

"Even though death resulted directly and independently of all other causes from accidental bodily injury, this benefit shall not be payable if the death of the Insured resulted from:

"(a)   *   *   *

"(b) Riding in or descent from any kind of aircraft, if the Insured participated in training or had any duties whatsoever aboard such aircraft or if such aircraft was operated by or for the armed forces."

Defendant also alleged that insured's death occurred while he was performing duties aboard the aircraft.

March 23, 1963, the insured and one Allen J. Manning, both licensed pilots, on behalf of Airways, Inc., of Pocatello, owner of the plane involved, undertook to fly several passengers from a grounded commercial flight, from Pocatello to Salt Lake City. On the return flight from Salt Lake City to Pocatello the plane encountered adverse weather and crashed, killing both occupants.

After trial to the court without a jury, the trial judge in his memorandum decision announced that he was of the opinion that under authority of Evans v. Continental Life and Accident Company, 88 Idaho 254, 398 P.2d 646 (1965), the burden of proof was upon the plaintiff to prove that the insured, Wayne M. Koch, had no duties whatsoever aboard the aircraft at the time of the accident; and:

"The Court is of the further opinion that the evidence is such that the Court cannot say, as a matter of fact, one way or the other, whether the deceased had any such duties and thus the plaintiff having the burden has not fulfilled the same. The Court might say parenthetically that had the Court determined that the burden was in defendant, that the defendant likewise would not have fulfilled its burden."

The court made formal findings of fact, none of which determined the issue as to whether insured had duties aboard the aircraft. In its conclusions, the court ruled that plaintiff had failed to sustain the burden of proof, and, therefore, was not entitled to recover. Judgment accordingly was entered in favor of defendant, from which plaintiff perfected this appeal.

■  The ruling that the burden was upon the plaintiff to prove that at the time of the accident the insured had no duties aboard the aircraft, was error.

■■  The burden of proving that the loss or injury sued for was due to a risk or cause insured against, was upon the plain-

tiff; but the burden was upon the defendant to show that the loss or injury was from a risk·or cause excepted from the insuring provision. 46 C.J.S. Insurance § 1316d(6); 21 Appleman·Ins. Law and Practice, § 12095; 29A Am.Jur., Insurance, §§ 1852, 1854.

"If a risk is excepted by the terms of a policy which insures against other perils or hazards, loss from such a risk constitutes a defense which the insurer may urge, since it has not assumed that risk, and from this it follows, at least as a general rule, that an insurer seeking to defeat a claim because of an exception or limitation in the policy has the burden of proving that the loss, or a part thereof, comes within the purview of the exception or limitation set up. In other words, the principle generally applied by the courts is that if proof is made of a loss apparently within a contract of insurance, the burden is upon the insurer to prove that the loss arose from a cause of loss which is excepted or for which it is not liable, or from a cause which limits its liability." 29A Am.Jur., Insurance, § 1854, p. 918.

■ The issue as to whether the insured had duties aboard the aircraft at the time of the accident was properly affirmatively pleaded by the defendant. IRCP Rule 12(b). The burden of proving the affirmative defense was on the pleader. 31A C.J.S. Evidence § 104; Paurley v. Harris, 77 Idaho 336, 292 P.2d 765 (1956); Southeast Sec. Co. v. Christensen, 66 Idaho 233, 158 P.2d 315 (1945).

■ In O'Neil v. New York Life Ins. Co., 65 Idaho 722, 152 P.2d 707 (1944), this court adopted the rule from Corpus Juris as follows:

"'Where the insurer seeks to avoid liability by reason of an alleged breach of the conditions of the policy, the burden rests upon it to show such breach; and, where it seeks to avoid liability on the ground that the accident or injury is within one of the exceptions in the policy, the burden rests upon it to prove facts bringing the case within the exception.' 1 C.J., par. 288, p. 497." 65 Idaho at 732, 152 P.2d at 711.

■ In Evans v. Continental Life and Accident Company, 88 Idaho 254, 398 P.2d 646 (1965), the exception to the accidental death benefit was pleaded affirmatively as a defense by the insurance company; but the defendant was not put to its proof on the issue thus raised. The facts constituting the defense were set out in a "Pre-Trial Stipulation" entered into by counsel for the respective parties. In that situation, upon trial, the burden passed to the plaintiff to overcome by evidence the prima facie defense made against her by the stipulation. Thus it follows that the decision was correct on the record made in that case.

"* * * It is well settled that when proofs of death admit facts supporting such a defense, the burden is upon the plaintiff to introduce evidence explaining or contradicting such proofs and, unless plaintiff introduces such evidence, defendant is entitled to a verdict." Turner v. Central Mut. Ins. Ass'n, 238 Mo.App. 425, 183 S.W.2d 347, 348.

"The term 'burden of proof' has two distinct meanings. In its strict sense, the term denotes the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises, whether civil or criminal. In a secondary sense, the term 'burden of proof' is used to designate the obligation resting upon a party to meet with evidence a prima facie case created against him—that is, the duty of proceeding with evidence at the beginning, or at any subsequent stage of the trial in order to make or meet a prima facie case." 29 Am.Jur. 2d, Evidence, § 123, p. 154.

O'Neil v. New York Life Ins. Co., supra, was not cited or discussed in the Evans case, supra, and nothing was said in the latter to indicate an intention to overrule the O'Neil decision on the point here involved.

722

The judgment is reversed and the cause is remanded with directions to the trial court to review the evidence, and any additional evidence either party may be able to offer, on the issue as to whether the insured had any duties aboard the aircraft at the time of the accident, and make a finding on that issue, and enter judgment as such finding may require. If the evidence leaves the issue in equipoise, then judgment must be entered for plaintiff and against defendant. Reddy v. Johnston, 77 Idaho 402, 293 P.2d 945 (1956); Neff v. Hysen, 72 Idaho 470, 244 P.2d 146 (1952); Koch v. Elkins, 71 Idaho 50, 56, 225 P.2d 457 (1950).

Costs to appellant.

SMITH, McQUADE, McFADDEN and SPEAR, JJ., concur.

## ON PETITION FOR REHEARING

In its petition for rehearing respondent complains of the terms of the mandate in the original opinion limiting the issue as to whether the insured had any duties aboard the aircraft by the phrase, "at the time of the accident," and has requested that the mandate be amended to direct the trial court to review the evidence and any additional evidence either party may present "on the issue as to whether insured's death resulted from a risk not assumed by respondent under the provisions of paragraph 3(b), page 8" of the insurance policy. The request is granted. We adopt respondent's statement of the issue to be reconsidered by the trial court.

Respondent also requests leave to amend so as to allege paragraph 3(b) of the policy as an affirmative defense. Such a motion may be addressed to the trial court. However, we deem an amendment unnecessary because the paragraph and the defense urged pursuant thereto were affirmatively pleaded in the answer.

SMITH, McQUADE, McFADDEN and SPEAR, JJ., concur.