**CHOCTAW COUNTY BOARD OF EDUCATION et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 25639.

United States Court of Appeals
Fifth Circuit.

June 26, 1969.

J. Edward Thornton, Mobile, Ala., for appellants, John Y. Christopher, Butler, Ala., Thornton and McGowin, Mobile, Ala., of counsel.

Vernol R. Jansen, U. S. Atty., Mobile, Ala., Kenneth L. Johnson, Gary J. Greenberg, Attys., Dept. of Justice, Washington, D. C., Jerris Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., Merle W. Loper, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before WISDOM, Circuit Judge, and CARSWELL and ROBERTS, District Judges.

**PER CURIAM:**

The substantive issue in this case concerns the district court's order that the School Board of Choctaw County, Alabama, close the Melvin School, an all-Negro school.

I.

The record supports the district court's finding that:

The physical facilities, equipment, and instructional materials available at the all-Negro Melvin School are inferior to the white and predominantly white elementary schools of Choctaw County. This school had, to wit, 81 students and three teachers in the 1966–1967 school year. On September 1, 1967, only two teachers had been employed although there were plans to secure one additional teacher in the event sufficient students enrolled, which in the judgment of the County Board, aside and apart from this decree, would justify keeping the school open. The evidence indicated that the number attending the Melvin School for the 1967–68 school year would be less than the, to wit, 81 who attended last year. In consideration of the size, the teacher personnel, and infeasibility of improving the Melvin School to the extent necessary in order for its education opportunities to be equivalent to those provided at the white or formerly white schools, the students presently enrolled at the Melvin School can be absorbed into other schools in Southern Choctaw County without creating conditions of overcrowding.

Here the school board deprived students at Melvin School of educational opportunities to be found in other schools in the district. It is evident that when such a school has only Negro students, closing the school will promote desegregation. The order therefore is "reasonably related" to "accomplishing" the objective of conversion to a unitary system—"equal educational opportunities on equal terms to all." Jefferson II, 5 Cir.1969, 380 F.2d 385. The dis-

trict court properly ordered the school closed. See Montgomery County Board of Education v. Carr, 5 Cir.1968, 400 F. 2d 1; Lee v. Macon County Board of Education, M.D.Ala.1968, 292 F.Supp. 363; 289 F.Supp. 975, 978.

This is the easy case: Melvin School could not even have coexisted in 1896 with Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256.

In Green v. County Board of Education of New Kent County, Virginia, 1968, 391 U.S. 430, 89 S.Ct. 1689, 20 L. Ed.2d 716 the Supreme Court held that the board's freedom of choice plan could not be accepted as a sufficient step to effectuate a transition. The decision was based, in part, on the existence of an all-Negro school, one of the two schools in the system. The Court pointed to the fact that not a single child had chosen to attend the Negro school in the three years the plan had been in effect; the Court made no reference to the quality of the school's facilities or faculty. This Court has said, "If in a school district there are still all-Negro schools * * * then, as a matter of law, the existing plan fails to meet constitutional standards". Adams v. Mathews, 5 Cir. 1968, 403 F.2d 181. See also Henry v. Clarksdale Municipal Separate School District, 5 Cir.1969, 409 F.2d 682; Hall v. St. Helena Parish School Board, 5 Cir.1969, 417 F.2d 801. See United States v. Choctaw County, 417 F.2d 838, a companion case to the instant case.

## II.

The appellants object to the district court's taxing costs against the Superintendent of Schools and the individual members of the School Board of Choctaw County. The character of a lawsuit, whether it is brought against persons in their official or private capacity, is determined by the nature of the pleadings. Even if there is no specific averment that the suit is against defendants only in their official capacity, that is the nature of the suit if it is clear from the allegations of the complaint. Lynn v. Clark, 254 N.C. 460, 119 S.E.2d 187 (1961); Giguere v. Rosselot, 110 Vt.

173, 3 A.2d 538 (1939); Reddy v. Johnston, 77 Idaho 402, 293 P.2d 945 (1956). Here the allegations of the complaint charge the superintendent of Schools and the Board members only in their representative capacity, and not as individuals. Massey v. Payne, 109 W.Va. 529, 155 S.E. 658 (1930). Moreover, in open court the attorneys for the United States and the intervenors have disavowed any intention of asking that costs be taxed against the individual defendants.

The portion of the judgment below ordering Melvin School closed is affirmed. The portion of the judgment taxing costs against the defendants is affirmed, subject to the clarification that the costs shall not be taxed against the defendants in their individual capacities.