Cleveland GRIFFIN, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35176.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 23, 1974.

Motion for Rehearing or Transfer Denied
Sept. 11, 1974.

Application to Transfer Denied Oct. 14, 1974.

James C. Jones, G. Jeffrey Lockett, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James A. Roche, Jr., St. Louis, for respondent.

KELLY, Judge.

Cleveland Griffin, Jr., the Movant-appellant (hereinafter referred to as the "appellant") brings this appeal from an order of the Circuit Court of the City of St. Louis denying his motion to vacate sentences imposed on him after he entered pleas of guilty to two charges of Statutory Rape on December 6, 1971, and was sentenced to a term of six years on each charge in the custody of the Missouri Department of Corrections, each to be served concurrently with the other by the same judge who denied the motion from which he has appealed. Rule 27.26 V.A.M.R.

As grounds for relief under Rule 27.26 V.A.M.R. appellant alleged in his petition that (1) his guilty plea was involuntary because he was misled and induced to enter his plea of guilty in each case by "holding out hopes which proved to be false and ill-found (sic)" and (2) he was denied effective assistance of counsel.

At the evidentiary hearing, the appellant adduced the testimony of himself, his wife and a lady friend. The thrust of their testimony was that the reason appellant entered pleas of guilty to the Statutory Rape charges was that he had been led to believe by his attorney of record that if he pleaded guilty to both charges he would be sentenced to 6 years and would be paroled. The only evidence offered by the State was a transcript of the plea proceedings transcribed by the court reporter who was at that time the official court reporter for the court.

On appeal the appellant presents three points of error. These are that: (1) "It was error for the Court to consider the document purporting to be a transcript of the guilty pleas;" (2) "It was error for the Court to overrule appellant's motion on the basis of the document purporting to be the record of plea alone;" (3) "It was error for the Court to determine, upon evidence presented at the hearing on the motion, that Appellant's plea was voluntary;" and, (4) "It was error for the Court to accept Appellant's guilty plea on September (sic) 6, 1971, because the interrogation upon which such acceptance was founded was not sufficient to allow the court to find that Appellant's plea was voluntary."

Rule 84.04(d) V.A.M.R. provides that "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why* they are claimed to be erroneous, *with* citations of authorities

thereunder . . ." (Emphasis supplied). The appellate courts of this State can no longer afford the luxury of searching the Argument section of appellant's briefs for the purpose of discovering if sufficient particularity might be found therein to enable them to determine why the orders or judgments of a trial court are erroneous. State v. Mitchell, 500 S.W.2d 320, 323 [3] (Mo.App.1973); State v. Freeman, 489 S.W.2d 749, 752 [2] (Mo.App.1973).

■ None of the above points relied on complies with Rule 84.04(d) V.A.M.R. The first three points stated while briefly and concisely stating the action taken by the trial court of which appellant complains, none state why they claim this action to be erroneous. The fourth and final point fails to contain the citation of any authority in support of the position taken nor does it point out in what manner the interrogation was insufficient. We are unable to determine whether this point is directed to the weight of the evidence—which an appellate court may not review—or whether it is directed to the failure of the trial court to comply with the requirements of Rule 25.04 V.A.M.R.

Although we are tempted to affirm the judgment of the trial court because appellant has failed to preserve anything for this Court to review, we have, nevertheless, gratuitously studied the argument portion of appellant's brief under each Point and find them to be without merit.

To fully comprehend appellant's first Point would require a recitation of the chronological efforts of the trial judge to obtain a transcript of the plea proceedings from a recalcitrant court reporter who had retired, moved from the State of Missouri, and made clear in correspondence his position that he was not going to deliver any more transcripts until he had been paid for some transcripts previously submitted and that he would send this transcript to the clerk of the court C.O.D. Suffice it that after the trial judge found the court re-

porter guilty of contempt of court for failure to comply with the court order to furnish the transcript of the plea proceedings in this cause, the transcript was received and filed with the clerk of the trial court pursuant to an order of the Supreme Court of Missouri En Banc of January 14, 1972, which was subsequently, on February 22, 1972, rescinded and replaced with an order essentially the same as the prior order, whereby each Circuit Judge was ordered to require his official Court Reporter to record accurately all proceedings had by the Court in connection with a plea of guilty by a defendant in a felony case, prepare a transcript of same, certify to the correctness thereof, and deliver a copy of the transcript to the Circuit Clerk of the Court, who, in turn, was to note the filing of the transcript in his record and file the same as part of the permanent record of the case in the file jacket containing the Indictment or Information. The only difference in the two Orders was the time limitation for filing the transcript. In the original Order, the transcript had to be filed within 30 days of the plea proceedings; in the Order of February 22, 1972, a distinction was made in those cases where the sentence imposed required delivery of the defendant to the Department of Corrections and those cases where incarceration was deferred. In the former, the transcript was still required to be filed within 30 days after the plea proceedings were held; in the latter, within 30 days from the date when incarceration by the Department of Corrections is ordered. After the evidentiary hearing, the transcript was returned to the retired court reporter who in turn affixed his signature to the certification, returned it to the Court and the assistant circuit attorney who was present representing the State at the plea proceeding approved the transcript.

■ As we view the Points Relied On, after searching the argument portions of the appellant's brief, his attack on the transcript of the plea proceedings is that the transcript contained inaccuracies and

was not properly certified by the court reporter who was no longer an official court reporter at the time of the preparation of the transcript; that, therefore, the trial court could not consider the contents of the transcript in the determination of whether the pleas sought to be withdrawn were made voluntarily and with an understanding of the nature of the charge. In his argument in the brief appellant argues that the transcript ought not to have been considered because it "was not relevant to the issues raised by appellant's motion." This is so, he says, because the basis of his motion was matters which had taken place outside the courtroom and prior to the plea entry proceeding. It is his contention that his plea should be withdrawn because he was induced to plead by his counsel's assurance that if he did plead he would obtain parole; that the transcript "speaks only of what was said in Court." Counsel for appellant overlooks the fact that prior testimony under oath is always relevant for the purposes of impeachment, and the transcript demonstrates that the judge accepting the plea dwelt at length on whether any promises had been made to cause him to plead, and each and every time his answer was in the negative. We find, however, that the transcript was properly certified when unconditionally received into evidence; that appellant when asked about excerpts from the transcript by his own testimony established its integrity. Although the trial judge did not affix his signature to the transcript certifying his approval thereof, he did so just as effectively when he received it into evidence as the transcript of a proceeding over which he presided. Nor is there any requirement that the signature of the court reporter be notarized or witnessed as appellant would require. Furthermore, the court may take judicial notice of its own records and the prior proceedings in the case. State v. Floyd, 403 S.W.2d 613, 615 (Mo.1966); State v. Conner, 500 S.W.2d 300, 304 [9] (Mo.App.1973), and once the transcript was certified and filed it became a part of the court record by Order of the Supreme Court. We rule Points 1 and 2 against appellant.

■ The crux of appellant's argument with respect to Point 3 is that in the absence of any relevant evidence by the State with respect to the alleged inducement by the appellant's counsel there was no evidence to support the trial court's findings and conclusions that the plea was voluntary and understandingly entered. He cites as authority McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557 and Turner et al. v. Central Mutual Insurance Association, 238 Mo.App. 425, 183 S.W.2d 347. Neither of these cases is authority here; McCloskey is a res ipsa loquitur case and the Turner case was a case concerning proofs of death and an instruction placing the burden of proving that the age of the deceased was such as to constitute a defense to the plaintiffs' claim. They there discussed the burden of coming forward with the evidence as distinguished from the burden of proof we are here discussing. We conclude, on the other hand, that it was a question of the credibility of the witnesses proffered by the appellant in support of his allegations on which he had the burden of proving the facts in support thereof. In the one instance there was the appellant, a most interested witness who had the most to gain; his wife, who admittedly had previously been convicted of a crime and was charged in another crime at the same time that plaintiff entered his plea in these cases; and a lady friend whose testimony was based upon what she was told the appellant had told her on the day he pled guilty concerning what his attorney had told him. On the other side of the ledger was the controversial transcript of the plea proceeding wherein the appellant had testified that no promises had been made to him, that he understood that only the judge decided the amount of time to be assessed and whether he would consider the appellant for probation or parole; and that he, the judge, was not bound by what anyone else might have said concerning the length of sentence nor the likelihood of probation

or parole. The judge in accepting the plea advised the appellant of each of his constitutional rights and nevertheless appellant stated that he wanted to enter his plea of guilty to the charges and waive his rights. We must, on review, recognize that the trial court had the right to reject testimony on behalf of the movant, even though there was no contrary evidence offered at the hearing. Shoemake v. State, 462 S.W.2d 772, 775 [7] (Mo.banc 1971); Bourne v. Manley, 435 S.W.2d 420, 428 [9] (Mo.App. 1968), held that the judge under his duty as the trier of the facts to weigh the evidence may believe or disbelieve any testimony affirmatively or defensively adduced by any party, even though such testimony is uncontradicted and unimpeached. See cases under 12 Mo. D. Evidence ⚛594 Uncontroverted evidence. We find this point too is without merit.

▓ Appellant's fourth and final point is that the interrogation contained in the transcript of the plea proceedings was insufficient to comply with the requirements of Rule 25.04 V.A.M.R. We have read this 31 page transcript of the plea proceedings and it would serve no purpose to recite the many ways in which the trial judge interrogated the appellant to determine whether he was pleading guilty to the charges voluntarily and with an understanding of the charges. Albeit many of the questions propounded by the trial judge were leading they destroyed any possibility that the plea was induced by any false hopes inculcated by appellant's counsel. The trial court complied with the mandate of State v. Roach, 447 S.W.2d 553 (Mo. 1969) in all respects and we rule this point against appellant.

Judgment affirmed.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.