# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52381

| | |
|---|---|
| DALE VAN STONE and JOANN VAN STONE, husband and wife,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>AMERICAN ECONOMY INSURANCE COMPANY,<br><br>    Defendant-Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Filed: September 22, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of the district court granting summary judgment, <u>affirmed</u>.

Finney Finney & Finney, P.A.; Rex A. Finney; Adam O. Finney, Sandpoint, for appellants. Adam O. Finney argued.

Anderson, Julian & Hull, LLP; Robby J. Perucca; Martha L. Kuderer, Boise, for respondent. Martha L. Kuderer argued.

_____

GRATTON, Chief Judge

Dale Van Stone and Joann Van Stone appeal from the district court's judgment granting summary judgment in favor of American Economy Insurance Company (American Economy). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Van Stones owned a tractor for personal use on their property. While operating the tractor, it started to rain. Dale parked the tractor on an incline and returned inside. The tractor subsequently traveled down the hill and struck a tree, resulting in damage.

The Van Stones submitted a claim to American Economy under their named-perils homeowner's insurance policy, initially reporting the incident as an "equipment breakdown." They later asserted coverage under peril six, claiming the damage was due to "impact by, or with,

1

or upset of, a vehicle." American Economy denied the claim, and the Van Stones initiated legal action for breach of contract, specific performance, declaratory judgment, and breach of the duty of good faith and fair dealing. American Economy moved for summary judgment on all claims, on the grounds that the loss to the tractor was not caused by a named peril.

The district court granted summary judgment in favor of American Economy, finding that the loss did not fall under peril six or any other named peril and that the language of the policy was unambiguous. The Van Stones filed a motion for reconsideration, which the district court denied. The Van Stones appeal.

## II.

## STANDARD OF REVIEW

On appeal from the grant of summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Idaho Rule of Civil Procedure 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration. If the original order was governed by a different standard, then that standard applies to the motion for reconsideration. Likewise, when reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration. If the decision was within the trial court's discretion, we apply an abuse of discretion standard. *Westover v. Idaho Counties Risk Management Program*, 164 Idaho 385, 391, 430 P.3d 1284, 1290 (2018).

## III.

## ANALYSIS

The Van Stones present thirteen issues on appeal.[1] However, the Van Stones' arguments center on two issues: First, whether the district court erred in concluding the language of peril six

---

[1]    1. Whether the district court erred in finding that the accidental direct physical loss to the tractor, caused by the tractor impacting a tree, was not covered under the plain language of the insurance policy.

2.    Whether the district court erred in finding the insurance policy language to be unambiguous.

3.    Whether the district court erred in finding that the insurance policy unambiguously excludes from coverage the loss to the Van Stones' tractor.

4.    Whether the district court erred in finding that the loss to the Van Stones' tractor was not caused by any of the sixteen perils covered under the insurance policy.

5.    Whether the district court erred in finding the Van Stones' interpretation of the insurance policy language to be unreasonable.

6.    Whether the district court erred in finding that the Van Stones' interpretation of the insurance policy language is inconsistent with the construction of the "personal property losses we cover" provision of the policy as a whole.

7.    Whether the district court erred in finding that it is impossible to apply the Appellants' interpretation of the policy language to the other fifteen perils covered under the insurance policy.

8.    Whether the district court erred in finding that "it is undisputed that the loss to the [the Van Stones'] tractor was not caused by a vehicle, but by impact with a tree."

9.    Whether the district court erred in granting summary judgment, in favor of the respondent, on the Van Stones' claims for breach of contract and breach of the duty of good faith and fair dealing (bad faith).

10.    Whether the district court erred in awarding American Economy costs under Idaho Rule of Civil Procedure 54(d).

of the insurance policy unambiguously did not provide coverage for the loss; and second, whether the Van Stones are entitled to attorney fees and costs on appeal.

## A. Peril Six

The Van Stones assert the district court erred in the interpretation of peril six. The policy in question is a named-perils policy, meaning coverage exists only for losses caused by specific perils listed in the policy. The relevant provision states: "We cover accidental direct physical loss to property described in Coverage C--Personal Property caused by a peril listed below except as limited or excluded." There are sixteen named perils. The peril the Van Stones claim provides coverage is peril six: "Vehicles, meaning impact by, or with, or upset of, a vehicle." The burden of proving coverage under a named-perils policy rests on the insured. *Harman v. Nw. Mut. Life Ins. Co.*, 91 Idaho 719, 720-21, 429 P.2d 849, 850-51 (1967).

The district court determined:

> Under the plain language of the Policy, the defendant "will cover accidental direct physical loss to property . . . **caused by a peril listed below**." The word "cause" is defined as "something that brings about an effect or a result." Consequently, for the tractor to be a covered loss under peril no. 6, a vehicle must have been the peril that brought about the loss to the tractor. However, it is undisputed that the loss to the tractor was <u>not</u> caused by a vehicle, but by impact with a tree.

The district court found the language in the policy is unambiguous and thus applied the plain and ordinary meaning of the language. If the language used in a contract is unambiguous, the trial court gives effect to the plain and ordinary meaning of the words used in the policy. *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.*, 141 Idaho 660, 663, 115 P.3d 751, 754 (2005).

The Van Stones argue that they suffered a direct physical loss to personal property, their tractor, which property is covered, and the loss was caused by a peril listed in the policy, namely, "impact by, or with, . . . a vehicle." As noted, the language in peril six applies to "Vehicles, meaning impact by, or with, or upset of, a vehicle." The district court determined the Van Stones' interpretation and characterization of the tractor somehow impacting itself and causing its own loss to be unreasonable:

---

11. Whether the district court erred in finding that American Economy was entitled to judgment as a matter of law.

12. Whether the district court erred in denying the Van Stones' motion to reconsider, dated September 30, 2024.

13. Whether the Van Stones' are entitled to attorney fees on appeal.

> Although the plaintiffs in this case have offered conflicting interpretation of the policy language--that the tractor is the vehicular peril that caused its own loss or damage--that interpretation is <u>not</u>--reasonable, as it is inconsistent with the construction of the "PERSONAL PROPERTY LOSSES WE COVER" provision of the Policy as a whole.

The district court held that the Van Stones' interpretation is plainly unreasonable as it ignores that impact by or with a vehicle must be the cause of the loss.

The Van Stones claim that the policy is unambiguous in providing coverage under these circumstances. The Van Stones argue that nowhere in the plain language of the peril provision is it stated that the vehicle peril cannot also be the personal property for which the insured claims a loss. The Van Stones contend that "the plain language does not say 'impact by <u>another</u> vehicle,' 'impact with <u>another</u> vehicle,' or 'upset of <u>another</u> vehicle.' The plain language says, 'a vehicle' and the [Van Stones'] [t]ractor is a vehicle." However, the policy, as noted by the district court, "will cover accidental direct physical loss to property . . . **caused by a peril listed below**." The peril listed, peril six, applies to vehicles, thus the cause of the damage must be a vehicle. Plainly, a vehicle such as the Van Stones' tractor cannot be the vehicle causing its own damage.

Additionally, the Van Stones argue that peril six, when considered within the context which it occurs in the policy, clearly supports their position. The Van Stones assert that two of the other perils listed in the policy specifically exclude the peril itself from coverage. These perils include peril ten regarding falling objects which states that "damage to the falling object itself is not included" and peril sixteen regarding breaking glass which states "there is no coverage for loss or damage to the glass." The Van Stones argue that these perils contain language making it clear that the peril cannot also be the personal property for which the insured claims a loss and that peril six contains no such limiting language. Thus, the Van Stones argue peril six should be construed to provide coverage as it does not contain similar language explicitly excluding the personal property being the peril from coverage. However, this argument presumes that covered personal property and the peril--a vehicle--are the same, which is nonsensical as a vehicle cannot impact itself. The district court correctly concluded that the Van Stones urged interpretation that the tractor is the vehicular peril that caused its own loss or damage was unreasonable and contrary to the plain language of the policy.

Peril six covers losses to personal property caused by vehicles. The loss was not caused by impact by, or with, or upset of a vehicle. There is no dispute that the damage to the tractor occurred after Dale left the tractor on an incline during rainfall and the tractor subsequently crashed

5

into a tree. Striking a tree is not a named peril under this policy. Further, as the policy at issue is a named-perils policy, the Van Stones' interpretation would render the cause of the loss meaningless, as it would mean that all losses were covered because any damage to the tractor would be considered impact with a vehicle, namely, the tractor itself. Therefore, the district court properly determined the policy language is unambiguous and does not cover the loss.[2]

## B.        Attorney Fees on Appeal

Both parties request attorney fees and costs on appeal. This Court, in any civil action, may award reasonable attorney fees to the prevailing party. Idaho Appellate Rule 41. Because the Van Stones are not the prevailing party, they are not entitled to attorney fees. American Economy requests attorney fees pursuant to Idaho Code § 41-1839(4), which permits attorney's fees to be awarded by the trial court when it finds, from the facts presented to it, that a case was brought, pursued, or defended frivolously, unreasonably, or without foundation. I.C. § 41-1839(4). This case is brought without foundation. *See Dave's Inc. v. Linford*, 153 Idaho 744, 291 P.3d 427 (2012) (holding an insurer was entitled to attorney fees on appeal pursuant to I.C. § 41-1839(4) when the plaintiff's appeal was brought frivolously and without foundation based on a clearly erroneous construction of the insurance policy). This appeal is premised on a plainly unreasonable and circular interpretation of the policy--that a piece of property can cause a covered peril to itself. It is plainly unreasonable and without foundation to argue that when a tractor strikes a tree, the resulting damage was caused by the tractor impacting itself. The Van Stones' argument has no support in law or logic. Attorney fees and costs are therefore awarded to American Economy.

---

[2]       The Van Stones alternatively argue that the policy is ambiguous because the parties have different interpretations of the provisions, the language of perils ten and sixteen contain specific exclusions, and the district court acknowledged that it could be wrong. Consequently, the Van Stones claim that the policy should be construed in their favor. We need not reach this argument as we agree that the policy is unambiguous and does not provide coverage by its plain language.

American Economy alternatively argues that there was no accidental loss because the loss was caused by human agency and was neither an unusual nor unexpected event. Therefore, the damage to the tractor is not covered under the terms of the policy. Again, as we have determined the policy does not provide coverage for the claim under peril six, we need not reach this argument.

## IV.

## CONCLUSION

The insurance policy is unambiguous and the claimed loss to the tractor is not covered by the plain language of the policy. The judgment of the district court is affirmed. Attorney fees and costs are awarded to American Economy.

Judge HUSKEY and Judge TRIBE **CONCUR**.